THE HONORABLE _____

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| VELMA WALKER, individually and as a class representative; JAMES STUTZ, individually and as a class representative; KARL WALTHALL, individually and as a class representative; GINA CICHON, individually and as a class representative; and MELANIE SMALLWOOD, individually and as a class representative,,<br><br>Plaintiffs,<br><br>v.<br><br>HUNTER DONALDSON, LLC, a California limited liability company; MULTICARE HEALTH SYSTEM, a Washington nonprofit corporation; MT. RAINIER EMERGENCY PHYSICIANS, a Washington for-profit corporation; REBECCA A. ROHLKE, individually, on behalf of the marital community, and as agent of Hunter Donaldson; JOHN DOE ROHLKE, on behalf of the marital community; RALPH WADSWORTH, individually, on behalf of the marital community, and as agent of Hunter Donaldson; and JANE DOE WADSWORTH, on behalf of the marital community,<br><br>Defendants. | No.<br><br>NOTICE OF REMOVAL |

NOTICE OF REMOVAL – 1

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

89557-0001/LEGAL26752280.1

TO: The Clerk, United States District Court
For the Western District of Washington at Tacoma

## I. REMOVAL OF STATE COURT ACTION

Defendant Hunter Donaldson, LLC ("Hunter Donaldson") is a party in the above-entitled civil action, which was commenced on April 30, 2013, by filing of the Complaint for Damages and Declaratory and Injunctive Relief in the Pierce County Superior Court under Cause No. 13-2-08746-0. An Amended Complaint for Damages and Declaratory and Injunctive Relief was filed on May 22, 2013. The action is still pending in the Superior Court of the State of Washington for Pierce County. Through this Notice, Hunter Donaldson prays that this action be removed to this Court from the Superior Court of the State of Washington for Pierce County.[1]

## II. GROUNDS FOR REMOVAL

This Court has jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), which provides in relevant part as follows: "The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which—(A) any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

The requirements of CAFA are met here because, as discussed in greater detail below and the accompanying declaration of Ralph Wadsworth, Manager and sole member of defendant Hunter Donaldson LLC, the matter in controversy in this purported class action exceeds the sum or value of $5,000,000 (taking into account the relief sought for all of the purported class members' claims in the aggregate, exclusive of interest and costs), the purported class exceeds 100 members and there is "minimum diversity" under CAFA, *i.e.*, "any member of a class of plaintiffs is a citizen of a State different from any defendant." *Id.*

---

[1] All defendants need not join in this notice. *See* 28 U.S.C. § 1453(b).

NOTICE OF REMOVAL – 2

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

89557-0001/LEGAL26752280.1

### A. This Is a Purported Class Action Within the Meaning of CAFA, Whose Members Exceed 100

CAFA defines "class action" as "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). Here, the Amended Complaint for Damages and Declaratory and Injunctive Relief ("Complaint") states that this is a purported class action under Washington Superior Court Rule 23 which allows "[o]ne or more members of a class [to] sue . . . as representative parties on behalf of all" if certain conditions are met. Additionally, the Complaint is titled "Class Action," purports to be brought by Plaintiffs "individually and on behalf of all others similarly situated," and contains an entire section devoted to "Class Allegations." (Complaint at Opening Paragraph & ¶¶ 5.1-5.12.)

The purported classes, as described in the Complaint, "consist[] of thousands of persons who received health care treatment from MultiCare and/or Mt. Rainier for traumatic injuries . . . and who have been subjected to Defendants' liens and/or lien enforcement practices." (Complaint ¶ 5.3.) Plaintiffs allege that "the class is so numerous that joinder of all members is impractical." (*Id.*) As shown below and as demonstrated in Mr. Wadsworth's declaration, Hunter Donaldson has filed and recovered on medical liens involving more than 100 different individuals in Washington on behalf of MultiCare Health System ("MultiCare") and Mt. Rainier Emergency Physicians, PLLC ("Mt. Rainier Physicians"), thus the purported class includes more than 100 members. (*See* Declaration of Ralph Wadsworth ("Wadsworth Decl.") ¶ 5.)

### B. The Amount in Controversy Exceeds $5 Million

Under CAFA, "the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6). In determining the amount in controversy, "a court must assume that the allegations of the complaint are true and assume that a jury will return

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

89557-0001/LEGAL26752280.1

a verdict for the plaintiff on all claims made in the complaint." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). Stated differently, "[t]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). Where a complaint is silent as to the amount requested, as it is here, a removing defendant must establish the amount in controversy by a preponderance of the evidence. *Id.* "'Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5 million, . . . then the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much.'" *Id.* at 401 (*quoting Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008)). Here, the relief requested by Plaintiffs demonstrates that far more than $5 million is at issue.[2]

On behalf of a putative Washington class, Plaintiffs seek—among other relief—damages, restitution and/or disgorgement of all money received by Hunter Donaldson, MultiCare and Mt. Rainier Physicians as a result of the unlawful conduct alleged in the Complaint, treble damages up to $25,000 per claimant under RCW 19.86.090, punitive damages, injunctive and declaratory relief and fees and costs. (Complaint, Prayer for Relief ¶¶ 2-8.) Since March 2010, Hunter Donaldson has obtained more than $5,000,000 on behalf of MultiCare in Washington. (*See* Wadsworth Decl. ¶ 6.) Based on Plaintiffs' claims for disgorgement and/or restitution alone, the amount in controversy requirement is satisfied.

### C. Minimal Diversity is Established Under the Complaint

Hunter Donaldson is not a citizen of Washington, it is a California limited liability company with its principal office located in Brea, California and its sole member is, and has been since the filing of the complaint, a citizen of Florida. (Wadsworth Decl. ¶¶ 2-4); *see Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (holding that "an LLC is a citizen of every state of which its owners/members are citizens").

---

[2] Hunter Donaldson disputes that Plaintiffs are entitled to any relief.

NOTICE OF REMOVAL – 4

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

89557-0001/LEGAL26752280.1

In addition to the named plaintiffs, who are all residents of Washington, this purported class action is brought on behalf of a class of Washington residents. (Complaint ¶¶ 3.1-3.5, 5.2a-d). Here, given the class definitions, which include "[a]ll persons in the State of Washington," who have been subjected to Hunter Donaldson's liens and/or lien enforcement practices, the classes necessarily include and are likely largely composed of Washington citizens. Further, the named plaintiffs are residents of Washington and are believed to be citizens of Washington. (Complaint ¶¶ 3.1-3.5); *see, e.g., Lippold v. Godiva Chocolatier, Inc.*, No. C 10-00421 SI, 2010 WL 1526441, at * 2 (N.D. Cal. April 15, 2010) (noting "while allegations of residency do not establish domicile, such allegations are relevant to the determination of domicile"); *Adams v. Matrixx Initiatives, Inc.*, No. CV-09-1529-PHX-FJM, 2009 WL 3131459, at *2 (D. Ariz. Sept. 25, 2009) (finding "[a]llegations of residency in a state court complaint can create a rebuttable presumption of domicile supporting diversity of citizenship. Once the presumption arises, the burden of production shifts to the party challenging diversity to produce some contrary evidence to undermine the presumption."). Thus, at least one plaintiff is a citizen of a state different than Hunter Donaldson as required under CAFA. *See* 28 U.S.C. § 1332(d)(2)(A).

D.  **Defendants Do Not Include a State, State Official, or Other Governmental Entity**

Hunter Donaldson is a California limited liability company; Ms. Rohlke and Mr. Wadsworth are individuals; MultiCare is a Washington nonprofit corporation; and Mt. Rainier Physicians is a Washington professional limited liability company. Therefore, no defendant is a state, state official, or other governmental entity and Section 1332(d)(5)(A) does not apply.

E.  **This Action Does Not Fall Within Any Exclusions to Removal Jurisdiction**

The action does not fall within any exclusions to removal jurisdiction recognized by 28 U.S.C. § 1332(d)(3), (4), and (9) or 28 U.S.C. § 1453(d). This action is therefore properly removed pursuant to CAFA, 28 U.S.C. §§ 1332(d) and 1453.

NOTICE OF REMOVAL – 5

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

89557-0001/LEGAL26752280.1

Under § 1332(d)(3), a court may decline to exercise jurisdiction over a class action in which "greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate and the primary defendants are citizens of the State in which the action was originally filed." Here, because Plaintiffs allege Washington classes, by definition greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of Washington. (Complaint ¶¶ 5.2a-h.) Section 1332(d)(3) therefore does not apply.

Under § 1332(d)(4)(A), a court shall decline to exercise jurisdiction if, among other requirements, "greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed . . . [and] at least 1 defendant is a defendant . . . whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and who is a citizen of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(A). Here, the defendant whose alleged conduct forms a significant basis for the claims asserted by Plaintiffs is Hunter Donaldson, not MultiCare or Mt. Rainier Physicians. Hunter Donaldson is not a citizen of Washington, rather it is a citizen of Florida. The exception to jurisdiction under 28 U.S.C. § 1332(d)(4)(A) does not apply.

Separately, under 28 U.S.C. § 1332(d)(4)(B), a court shall decline to exercise jurisdiction if "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(B). Hunter Donaldson is a primary defendant and is a citizen of Florida not Washington, therefore, Section 1332(d)(4)(B) does not apply.

Finally, because this action does not involve a claim (1) solely concerning a covered security as defined under 16(f)(3) of the Securities Act of 1933 (15 U.S.C. 78p(f)(3) and section 28(f)(5)(E) of the Securities Exchange Act of 1934 (15 U.S.C. 78bb(f)(5)(E)); (2) relating to the internal affairs or governance of a corporation or other form of business enterprise and arising under or by virtue of the law of the state in which that corporation is incorporated or organized; or (3) relating to the rights, duties (including fiduciary duties), and obligations relating to or

NOTICE OF REMOVAL – 6

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

89557-0001/LEGAL26752280.1

created by or pursuant to any security (as defined under section 2(a)(1) of the Securities Act of 1933 (15 U.S.C. § 77b(a)(1)) and the regulations issued thereunder, it is not covered by any of the exclusions to CAFA jurisdiction set forth in 28 U.S.C. § 1332(d) (9) or 28 U.S.C. § 1453(d).

### III. RECEIPT OF INITIAL PLEADING AND TIMELINESS OF REMOVAL

By service upon it on May 1, 2013, Hunter Donaldson first received a copy of the Complaint in this action. This notice is filed within thirty (30) days of such receipt as required by 28 U.S.C. § 1446(b)(1) & (b)(2)(B).

### IV. THE STATE-COURT COMPLAINT AND OTHER PLEADINGS

Attached to this Notice are true copies of the original and amended complaint that Plaintiffs have served on Hunter Donaldson. Any other process, pleadings or orders served on Hunter Donaldson or filed in the state court in this action will be filed, together with the verification of Defendant's counsel, within 14 days of the filing of this Notice, as required by Western District of Washington LCR 101(b).

### V. INTRADISTRICT ASSIGNMENT

Hunter Donaldson chooses to remove this action to the Tacoma Division because the allegations in the Complaint indicate that the claim arose in Pierce County.

RESPECTFULLY SUBMITTED this 30th day of May, 2013.

By: s/ Thomas L. Boeder, WSBA #00408
TBoeder@perkinscoie.com
By: s/ Cori Gordon Moore, WSBA #28649
CGMoore@perkinscoie.com
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000

ATTORNEYS FOR DEFENDANTS HUNTER DONALDSON, LLC, REBECCA ROHLKE AND RALPH WADSWORTH

NOTICE OF REMOVAL – 7

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

89557-0001/LEGAL26752280.1

## CERTIFICATE OF SERVICE

I, CAROL KNESS, hereby certify as follows:

1. I am a litigation secretary at the law firm of Perkins Coie LLP, know the contents hereof, and am competent to testify thereto.

2. I certify that on the 30th day of May, 2013, I electronically filed the foregoing Notice of Removal with the Clerk of the Court using the CM/ECF system.

3. On the same day, I made arrangements for a true and correct copy of the same document to be delivered via messenger service to counsel as follows:

**Counsel for Plaintiffs**

Darrell L. Cochran, WSBA #22851
Loren A. Cochran, WSBA #32773
Kevin M. Hastings, WSBA #42316
PFAU COCHRAN VERTETIS AMALA
911 Pacific Ave., Suite 200
Tacoma, WA 98402
Telephone:   253.777.0799
Facsimile:   253.627.0654
Email:       darrell@pcvalaw.com
             loren@pcvalaw.com
             kevin@pcvalaw.com

Thomas F. Gallagher, WSBA #24199
THE LAW OFFICES OF WATSON & GALLAGHER, P.S.
3623 So. 12th Street
Tacoma, WA 98405-2133
Seattle, WA 98101
Telephone:   253.926.8437
Facsimile:   253.301.2167
Emails       tom@wglaw.comcastbiz.net

NOTICE OF REMOVAL – 8

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

89557-0001/LEGAL26752280.1

**Counsel for Defendant MultiCare Health System**

Michael Madden, WSBA #8747
Amy M. Magnano, WSBA #38484
BENNETT BIGELOW & LEEDOM, P.S.
601 Union St., Suite 1500
Seattle, WA 98101-1363
Telephone:   206.622.5511
Facsimile:   206.622.8996
Email:        mmadden@bbllaw.com
              amagnano@bbllaw.com

**Defendant Mt. Rainier Emergency Physicians, PLLC**

James A. Krueger, Registered Agent
Vandeberg Johnson & Gandara, LLP
Wells Fargo Plaza
1201 Pacific Avenue, Suite 1900
Tacoma, WA 98402-4391
Telephone:   253.383.3791
Facsimile:   253.383.6377
Email:        jkrueger@vjglaw.com

I CERTIFY UNDER PENALTY OF PERJURY under the laws of the United States of America that the foregoing is true and correct.

DATED this 30th day of May, 2013.

                                      s/  Carol Kness
                                      Carol Kness, Litigation Secretary
                                      CKness@perkinscoie.com
                                      **Perkins Coie LLP**

NOTICE OF REMOVAL – 9

89557-0001/LEGAL26752280.1

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000