E-FILED
IN COUNTY CLERK'S OFFICE
PIERCE COUNTY, WASHINGTON

April 30 2013 1:10 PM

KEVIN STOCK
COUNTY CLERK
**NO: 13-2-08746-0**

# SUPERIOR COURT OF WASHINGTON FOR PIERCE COUNTY

## CASE COVER SHEET / CIVIL CASES

Case Title VELMA WALKER VS. LLC HUNTER DONALDSON

Case Number 13-2-08746-0

Atty/Litigant DARRELL L. COCHRAN     Bar # 22851     Phone (253) 777-0799

Address 911 Pacific Ave Ste 200

City TACOMA     State WA     Zip 98402

Please check one category that best describes this case for indexing purposes.

*If you cannot determine the appropriate category, please describe the cause of action below. This will create a Miscellaneous cause which is not subject to PCLR 3.*

**APPEAL / REVIEW**
____ Administrative Law Review (ALR 2) *REV 6*
____ Civil, Non-Traffic (LCA 2) *REV 6*
____ Civil, Traffic (LCI 2) *REV 6*
____ Land Use Petition (LUP 2) LUPA

**CONTRACT / COMMERCIAL**
____ ◆Breach of Contract, Commercial Non-Contract
     or Commercial-Contract (COM 2) *STANDARD*
____ Third Party Collection (COL 2) *REV 4*

**JUDGMENT**
____ ◆Judgmnt, Another County or Abstract
     Only (ABJ 2) *Non PCLR*
____ Transcript of Judgment (TRJ 2) *Non PCLR*
____ ◆Foreign Judgment Civil or Judgement,
     Another State (FJU 2) *Non PCLR*

**TORT / MOTOR VEHICLE**
____ ◆Death, Non-Death Injuries or Property
     Damage Only (TMV 2) *STANDARD*

**TORT / NON MOTOR VEHICLE**
____ Other Malpractice (MAL 2) *COMPLEX*
____ Personal Injury (PIN 2) *STANDARD*
____ Property Damage (PRP 2) *STANDARD*
____ Wrongful Death (WDE 2) *STANDARD*
✓ ◆Other Tort,Products Liability or Asbestos
     (TTO 2) *COMPLEX*

**PROPERTY RIGHTS**
____ Condemnation (CON 2) *STANDARD*
____ Foreclosure (FOR 2) *REV 4*
____ Property Fairness (PFA 2) *STANDARD*
____ Quiet Title (QTI 2) *STANDARD*
____ Unlawful Detainer / Eviction (UND 2) *REV 4*
____ Unlawful Detainer / Contested (UND 2) *REV 4*

**OTHER COMPLAINT OR PETITION**
____ ◆Compel/Confirm Bind Arbitration, Deposit of Surplus Funds,
     Interpleader, Subpoenas, Victims' Employment Leave, or
     Wireless Number Disclosure, Miscellaneous (MSC 2) *REV 4*
____ Injunction (INJ 2) *REV 4*
____ Malicious Harassment (MHA 2) *Non PCLR*
____ Meretricious Relationship (MER 2) *REV 4*
____ Minor Settlement/No Guardianship(MST2) *REV 4*
____ Pet for Civil Commit/Sex Predator (PCC2) *REV 4*
____ Property Damage Gangs (PRG 2) *REV 4*
____ Seizure of Property/Comm. of Crime(SPC2) *REV 4*
____ Seizure of Proprty Reslt from Crime(SPR2) *REV 4*

**TORT / MEDICAL MALPRACTICE**
____ ◆Hospital, Medical Doctor, or Other Health Care Professional
     (MED2)*COMPLEX*

**WRIT**
____ Habeas Corpus (WHC 2) *REV 4*
____ Mandamus (WRM 2) *REV 4*
____ Review (WRV 2) *REV 4*
____ Miscellaneous Writ (WMW 2) *REV 4*

**MISCELLANEOUS**_____

Revised 03/09/2012 Web cicssup-0025.pdf

E-FILED
IN COUNTY CLERK'S OFFICE
PIERCE COUNTY, WASHINGTON

April 30 2013 1:10 PM

KEVIN STOCK
COUNTY CLERK
NO: 13-2-08746-0

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR PIERCE COUNTY**

VELMA WALKER

    Plaintiff(s)

Vs.

LLC HUNTER DONALDSON

    Defendant(s)

No. 13-2-08746-0

ORDER SETTING CASE SCHEDULE

| | |
|---|---|
| Type of case: | TTO |
| Estimated Trial (days): | |
| Track Assignment: | Complex |
| Assignment Department: | 14 |
| Docket Code: | **ORSCS** |

| | |
|---|---|
| Confirmation of Service | 6/11/2013 |
| Confirmation of Joinder of Parties, Claims and Defenses | 10/29/2013 |
| Jury Demand | 11/5/2013 |
| Status Conference (Contact Court for Specific Date) | Week of 12/10/2013 |
| Plaintiff's/Petitioner's Disclosure of Primary Witnesses | 1/21/2014 |
| Defendant's/Respondent's Disclosure of Primary Witnesses | 2/18/2014 |
| Disclosure of Rebuttal Witnesses | 6/3/2014 |
| Deadline for Filing Motion to Adjust Trial Date | 6/24/2014 |
| Discovery Cutoff | 8/12/2014 |
| Exchange of Witness and Exhibit Lists and Documentary Exhibits | 9/2/2014 |
| Joint Statement of Evidence | 9/16/2014 |
| Deadline to file Certificate or Declaration re: Alternative Dispute Resolution (PCLR 16 (c)(3)) | 9/16/2014 |
| Deadline for Hearing Dispositive Pretrial Motions | 9/16/2014 |
| Pretrial Conference (Contact Court for Specific Date) | Week of 10/7/2014 |
| Trial | 10/28/2014 9:00 |

## Unless otherwise instructed, ALL Attorneys/Parties shall report to the trial court at 9:00 AM on the date of trial.

### NOTICE TO PLAINTIFF/PETITIONER

If the case has been filed, the plaintiff shall serve a copy of the Case Schedule on the defendant(s) with the summons and complaint/ petition: Provided that in those cases where service is by publication the plaintiff shall serve the Case Schedule within five (5) court days of service of the defendant's first response/appearance. If the case has not been filed, but an initial pleading is served, the Case Schedule shall be served within five (5) court days of filing. See PCLR 3.

### NOTICE TO ALL PARTIES

All attorneys and parties shall make themselves familiar with the Pierce County Local Rules, particularly those relating to case scheduling. Compliance with the scheduling rules is mandatory and failure to comply shall result in sanctions appropriate to the violation. If a statement of arbitrability is filed, PCLR 3 does not apply while the case is in arbitration.

Dated: April 30, 2013

*Susan K. Serko*

Judge SUSAN K. SERKO
Department 14

E-FILED
IN COUNTY CLERK'S OFFICE
PIERCE COUNTY, WASHINGTON

April 30 2013 1:10 PM

KEVIN STOCK
COUNTY CLERK
NO: 13-2-08746-0

1

2

3

4

5

6

7

8

## IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
## IN AND FOR THE COUNTY OF PIERCE

9  VELMA WALKER, individually and as a
class representative; JAMES STUTZ,
10  individually and as a class representative;
KARL WALTHALL, individually and as a
11  class representative; GINA CICHON,
individually and as a class representative,
12  and; MELANIE SMALLWOOD,
individually and as class representative,

13                              Plaintiffs,

14          vs.

15  HUNTER DONALDSON, LLC, a California
limited liability company; MULTICARE
16  HEALTH SYSTEM, a Washington nonprofit
corporation; REBECCA A. ROHLKE,
17  individually, on behalf of the marital
community and as agent of Hunter
18  Donaldson; JOHN DOE ROHLKE, on behalf
of the marital community; RALPH
19  WADSWORTH, individually, on behalf of
the marital community, and as agent of
20  Hunter Donaldson, and; JANE DOE
WADSWORTH, on behalf of the marital
21  community.

22                              Defendants.

**CLASS ACTION**

**NO.**

**SUMMONS**

23          TO: DEFENDANT RALPH WADSWORTH, individually, on behalf of the marital

24  community, and as agent of Hunter Donaldson, and; JANE DOE WADSWORTH, on behalf

25  of the marital community.

26



SUMMONS 1 of 3

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799 Facsimile: (253) 627-0654

www.pcvalaw.com

1

2       A lawsuit has been started against you in the above entitled court by the above named

3   Plaintiffs.  Claims are stated in the written Complaint, a copy of which is served upon you

4   with this Summons.

5       In order to defend against this lawsuit, you must respond to the Complaint by stating

6   your defense in writing, and serve a copy upon the person signing this Summons within 60

7   days after the service of this Summons, excluding the day of service, or a default judgment

8   may be entered against you without notice.  A default judgment is one where a Plaintiff is

9   entitled to what he asks for because you have not responded.  If you serve a notice of

10  appearance on the undersigned person, you are entitled to notice before a default judgment

11  may be entered.

12

13      Any response or notice of appearance which you serve on any party to this lawsuit

14  must also be filed by you with the court within 60 days after the service of Summons,

15  excluding the day of service.

16

17      If you wish to seek the advice of an attorney in this matter, you should do so promptly

18  so that your written response, if any, may be served on time.

19      This Summons is issued pursuant to Rule 4 of Civil Rules for Courts of Limited

20  Jurisdiction.

21

22  //

23  //

24  //

25

26



SUMMONS 2 of 3

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654

www.pcvalaw.com

1    DATED this 30th day of April, 2013.

2

3               PFAU COCHRAN VERTETIS AMALA, PLLC

4

5           By: _____
              Darrell L. Cochran, WSBA No. 22851

6               darrell@pcvalaw.com
              Loren A. Cochran, WSBA No. 32773

7               loren@pcvalaw.com
              Kevin M. Hastings, WSBA No. 42316

8               kevin@pcvalaw.com
              Attorneys for Plaintiffs

9

10           THE LAW OFFICES OF WATSON

11           & GALLAGHER, P.S.

12

13           By: /s/ Thomas Gallagher _____
              Thomas F. Gallagher, WSBA No. 24199

14               tom@wglaw.comcastbiz.net
              Attorney for Plaintiffs

15

16

17

18   4852-9158-1203, v. 1

19

20

21

22

23

24

25

26

SUMMONS 3 of 3

PFAU COCHRAN VERTETIS AMALA
A Professional Limited Liability Company
911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253)777-0799 Facsimile: (253) 627-0654
www.pcvalaw.com

E-FILED
IN COUNTY CLERK'S OFFICE
PIERCE COUNTY, WASHINGTON

April 30 2013 1:10 PM

KEVIN STOCK
COUNTY CLERK
NO: 13-2-08746-0

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

# IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
# IN AND FOR THE COUNTY OF PIERCE

VELMA WALKER, individually and as a
class representative; JAMES STUTZ,
individually and as a class representative;
KARL WALTHALL, individually and as a
class representative; GINA CICHON,
individually and as a class representative,
and; MELANIE SMALLWOOD,
individually and as class representative,

       Plaintiffs,

  vs.

HUNTER DONALDSON, LLC, a California
limited liability company; MULTICARE
HEALTH SYSTEM, a Washington nonprofit
corporation; REBECCA A. ROHLKE,
individually, on behalf of the marital
community and as agent of Hunter
Donaldson; JOHN DOE ROHLKE, on behalf
of the marital community; RALPH
WADSWORTH, individually, on behalf of
the marital community, and as agent of
Hunter Donaldson, and; JANE DOE
WADSWORTH, on behalf of the marital
community.

       Defendants.

CLASS ACTION

NO.

SUMMONS

TO: DEFENDANT MULTICARE



PFAU COCHRAN
VERTETIS AMALA
A Professional Limited Liability Company

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654

www.pcvalaw.com

SUMMONS 1 of 3

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

A lawsuit has been started against you in the above entitled court by the above named Plaintiffs.  Claims are stated in the written Complaint, a copy of which is served upon you with this Summons.

In order to defend against this lawsuit, you must respond to the Complaint by stating your defense in writing, and serve a copy upon the person signing this Summons within 20 days after the service of this Summons, excluding the day of service, or a default judgment may be entered against you without notice.  A default judgment is one where a Plaintiff is entitled to what he asks for because you have not responded.  If you serve a notice of appearance on the undersigned person, you are entitled to notice before a default judgment may be entered.

Any response or notice of appearance which you serve on any party to this lawsuit must also be filed by you with the court within 20 days after the service of Summons, excluding the day of service.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.

This Summons is issued pursuant to Rule 4 of Civil Rules for Courts of Limited Jurisdiction.

//

//

//

PFAU COCHRAN
VERTETIS AMALA
A Professional Limited Liability Company

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654

www.pcvalaw.com

SUMMONS 2 of 3

1

DATED this 30th day of April, 2013.

2

3                                           PFAU COCHRAN VERTETIS AMALA, PLLC

4

5       By: _____
                Darrell L. Cochran, WSBA No. 22851
6               darrell@pcvalaw.com
                Loren A. Cochran, WSBA No. 32773
7               loren@pcvalaw.com
                Kevin M. Hastings, WSBA No. 42316
8               kevin@pcvalaw.com
                Attorneys for Plaintiffs
9

10                                          THE LAW OFFICES OF WATSON
                                            & GALLAGHER, P.S.
11

12

13      By: /s/ Thomas Gallagher
                Thomas F. Gallagher, WSBA No. 24199
14              tom@wglaw.comcastbiz.net
                Attorney for Plaintiffs
15

16

17

18      4816-6010-0371, v. 1

19

20

21

22

23

24

25

26



911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654

www.pcvalaw.com

E-FILED
IN COUNTY CLERK'S OFFICE
PIERCE COUNTY, WASHINGTON

April 30 2013 1:10 PM

KEVIN STOCK
COUNTY CLERK
NO: 13-2-08746-0

1

2

3

4

5

6

7

8

## IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
## IN AND FOR THE COUNTY OF PIERCE

| | |
|---|---|
| 9  VELMA WALKER, individually and as a class representative; JAMES STUTZ, individually and as a class representative; KARL WALTHALL, individually and as a class representative; GINA CICHON, individually and as a class representative, and; MELANIE SMALLWOOD, individually and as class representative, | |

9

VELMA WALKER, individually and as a
class representative; JAMES STUTZ,
individually and as a class representative;
KARL WALTHALL, individually and as a
class representative; GINA CICHON,
individually and as a class representative,
and; MELANIE SMALLWOOD,
individually and as class representative,

Plaintiffs,

vs.

HUNTER DONALDSON, LLC, a California
limited liability company; MULTICARE
HEALTH SYSTEM, a Washington nonprofit
corporation; REBECCA A. ROHLKE,
individually, on behalf of the marital
community and as agent of Hunter
Donaldson; JOHN DOE ROHLKE, on behalf
of the marital community; RALPH
WADSWORTH, individually, on behalf of
the marital community, and as agent of
Hunter Donaldson, and; JANE DOE
WADSWORTH, on behalf of the marital
community.

Defendants.

CLASS ACTION

NO.

SUMMONS

TO: DEFENDANT HUNTER DONALDSON, LLC

SUMMONS 1 of 3



PFAU COCHRAN
VERTETIS AMALA
A Professional Limited Liability Company

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253)777-0799  Facsimile: (253) 627-0654

www.pcvalaw.com

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

A lawsuit has been started against you in the above entitled court by the above named Plaintiffs.  Claims are stated in the written Complaint, a copy of which is served upon you with this Summons.

In order to defend against this lawsuit, you must respond to the Complaint by stating your defense in writing, and serve a copy upon the person signing this Summons within 60 days after the service of this Summons, excluding the day of service, or a default judgment may be entered against you without notice.  A default judgment is one where a Plaintiff is entitled to what he asks for because you have not responded.  If you serve a notice of appearance on the undersigned person, you are entitled to notice before a default judgment may be entered.

Any response or notice of appearance which you serve on any party to this lawsuit must also be filed by you with the court within 60 days after the service of Summons, excluding the day of service.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.

This Summons is issued pursuant to Rule 4 of Civil Rules for Courts of Limited Jurisdiction.

//

//

//

SUMMONS 2 of 3



PFAU COCHRAN
VERTETIS AMALA
A Professional Limited Liability Company

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654

www.pcvalaw.com

1

DATED this 30th day of April, 2013.

2

PFAU COCHRAN VERTETIS AMALA, PLLC

3

4

By: _____

5

Darrell L. Cochran, WSBA No. 22851
darrell@pcvalaw.com

6

Loren A. Cochran, WSBA No. 32773
loren@pcvalaw.com

7

Kevin M. Hastings, WSBA No. 42316

8

kevin@pcvalaw.com
Attorneys for Plaintiffs

9

10

THE LAW OFFICES OF WATSON
& GALLAGHER, P.S.

11

12

13

By: /s/ Thomas Gallagher _____
Thomas F. Gallagher, WSBA No. 24199

14

tom@wglaw.comcastbiz.net
Attorney for Plaintiffs

15

16

17

4827-3725-0067, v. 1

18

19

20

21

22

23

24

25

26

PFAU COCHRAN
VERTETIS AMALA
A Professional Limited Liability Company

SUMMONS 3 of 3

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654

www.pcvalaw.com

E-FILED
IN COUNTY CLERK'S OFFICE
PIERCE COUNTY, WASHINGTON

April 30 2013 1:10 PM

KEVIN STOCK
COUNTY CLERK
NO: 13-2-08746-0

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

## IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
## IN AND FOR THE COUNTY OF PIERCE

VELMA WALKER, individually and as a
class representative; JAMES STUTZ,
individually and as a class representative;
KARL WALTHALL, individually and as a
class representative; GINA CICHON,
individually and as a class representative,
and; MELANIE SMALLWOOD,
individually and as class representative,

       Plaintiffs,

  vs.

HUNTER DONALDSON, LLC, a California
limited liability company; MULTICARE
HEALTH SYSTEM, a Washington nonprofit
corporation; REBECCA A. ROHLKE,
individually, on behalf of the marital
community and as agent of Hunter
Donaldson; JOHN DOE ROHLKE, on behalf
of the marital community; RALPH
WADSWORTH, individually, on behalf of
the marital community, and as agent of
Hunter Donaldson, and; JANE DOE
WADSWORTH, on behalf of the marital
community.

      Defendants.

**CLASS ACTION**

**NO.**

**SUMMONS**

TO: DEFENDANT REBECCA A. ROHLKE, individually, on behalf of the marital

community and as agent of Hunter Donaldson; JOHN DOE ROHLKE, on behalf of the

marital community



PFAU COCHRAN
VERTETIS AMALA
A Professional Limited Liability Company

SUMMONS 1 of 3

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799 Facsimile: (253) 627-0654

www.pcvalaw.com

1
2
3
4

A lawsuit has been started against you in the above entitled court by the above named Plaintiffs. Claims are stated in the written Complaint, a copy of which is served upon you with this Summons.

5
6
7
8
9
10
11
12

In order to defend against this lawsuit, you must respond to the Complaint by stating your defense in writing, and serve a copy upon the person signing this Summons within 60 days after the service of this Summons, excluding the day of service, or a default judgment may be entered against you without notice. A default judgment is one where a Plaintiff is entitled to what he asks for because you have not responded. If you serve a notice of appearance on the undersigned person, you are entitled to notice before a default judgment may be entered.

13
14
15

Any response or notice of appearance which you serve on any party to this lawsuit must also be filed by you with the court within 60 days after the service of Summons, excluding the day of service.

16
17
18

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.

19
20
21

This Summons is issued pursuant to Rule 4 of Civil Rules for Courts of Limited Jurisdiction.

22
//

23
//

24
//

25
26

SUMMONS 2 of 3



911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799 Facsimile: (253) 627-0654

www.pcvalaw.com

1    DATED this 30th day of April, 2013.

2
                              PFAU COCHRAN VERTETIS AMALA, PLLC
3

4
                              By: *[signature]*
5                                 Darrell L. Cochran, WSBA No. 22851
                                  darrell@pcvalaw.com
6                                 Loren A. Cochran, WSBA No. 32773
                                  loren@pcvalaw.com
7                                 Kevin M. Hastings, WSBA No. 42316
                                  kevin@pcvalaw.com
8                                 Attorneys for Plaintiffs

9

10                            THE LAW OFFICES OF WATSON
                              & GALLAGHER, P.S.
11

12
                              By: /s/ Thomas Gallagher
13                                Thomas F. Gallagher, WSBA No. 24199
                                  tom@wglaw.comcastbiz.net
14                                Attorney for Plaintiffs

15

16

17
     4825-7367-2211, v. 1
18

19

20

21

22

23

24

25

26

                                    **PFAU COCHRAN
                                    VERTETIS AMALA**
                                    A Professional Limited Liability Company

     SUMMONS 3 of 3
                                    911 Pacific Avenue, Suite 200
                                    Tacoma, WA 98402
                                    Phone: (253)777-0799  Facsimile: (253) 627-0654

                                    www.pcvalaw.com

NOTICE OF REMOVAL -- 00035

NOTICE OF REMOVAL -- 00036

E-FILED
IN COUNTY CLERK'S OFFICE
PIERCE COUNTY, WASHINGTON

April 30 2013 1:10 PM

KEVIN STOCK
COUNTY CLERK
NO: 13-2-08746-0

1

2

3

4

5

6

7

8

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF PIERCE**

9  VELMA WALKER, individually and as a
class representative; JAMES STUTZ,
10  individually and as a class representative;
KARL WALTHALL, individually and as a
11  class representative; GINA CICHON,
individually and as a class representative,
12  and; MELANIE SMALLWOOD,
individually and as class representative,

13                                    Plaintiffs,

14            vs.

15  HUNTER DONALDSON, LLC, a California
limited liability company; MULTICARE
16  HEALTH SYSTEM, a Washington nonprofit
corporation; REBECCA A. ROHLKE,
17  individually, on behalf of the marital
community and as agent of Hunter
18  Donaldson; JOHN DOE ROHLKE, on behalf
of the marital community; RALPH
19  WADSWORTH, individually, on behalf of
the marital community, and as agent of
20  Hunter Donaldson, and; JANE DOE
WADSWORTH, on behalf of the marital
21  community.

22                                    Defendants.

**CLASS ACTION**

**NO.**

**COMPLAINT FOR DAMAGES AND
DECLARATORY AND INJUNCTIVE
RELIEF**

23

24        COMES NOW Plaintiffs Velma Walker, James Stutz, Karl Walthall, Gina Cichon and

25  Melanie Smallwood individually and on behalf of all others similarly situated, by and through

26



PFAU COCHRAN
VERTETIS AMALA
A Professional Limited Liability Company

CLASS ACTION COMPLAINT FOR DAMAGES 1 of 32

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799 Facsimile: (253) 627-0654

www.pcvalaw.com

their attorneys, Darrell L. Cochran and Pfau, Cochran, Vertetis Amala, PLLC and Thomas F. Gallagher and the Law Offices of Watson & Gallagher Law, P.S., and hereby file this class action complaint against Defendants Hunter Donaldson, LLC, ("Hunter Donaldson"), MultiCare Health System, ("MultiCare"), Rebecca A. Rohlke, John Doe Rohlke, Ralph Wadsworth, and Jane Doe Wadsworth alleging as follows:

## I.   INTRODUCTION

1.1     Under RCW 60.44.010, a lien for medical services can only be filed by public and private operators of hospital and ambulance services and every licensed nurse, practitioner, physician, and surgeon who renders service or transportation and care for a patient with a traumatic injury as a result of a tort.

1.2     A valid lien attaches to any claim or right of action that the patient has against the tortfeasor responsible for the traumatic injury and/or his/her insurer for the value of the medical services.

1.3     In order to be a valid medical lien, a health care provider must, under RCW 60.44.020, sign the claim and have it lawfully notarized.

1.4     Also under RCW 60.44.020, no person shall be entitled to a medical services lien unless such person files and records a notice of claim within twenty days after the date of such injury or receipt of care, or before settlement is accomplished and payment is made to the injured person.

1.5     Upon information and belief, Defendant MultiCare authorized Defendant Hunter Donaldson, a California firm that specializes in collecting third-party liability claims,



911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654

www.pcvalaw.com

to act as its agent and signatory for the purpose of filing medical liens in Pierce County, Washington.

1.6     Upon information and belief, Defendants Hunter Donaldson, Ralph Wadsworth, Rebecca A. Rohlke, and MultiCare agreed and acted in concert, on or about January 2010, to fraudulently register Rebecca A. Rohlke as a Washington State notary alleging living in Pierce County when she was, upon information and belief, actually a resident of California and not properly qualified under RCW 42.44.020 to be a Washington State notary.

1.7     Upon information and belief, Defendants Hunter Donaldson, Rebecca A. Rohlke, and Ralph Wadsworth falsified and then recorded with the Pierce County Auditor thousands of medical liens on behalf of Defendant MultiCare by improperly signing and knowingly using a notary not properly authorized under Washington law.

1.8     Defendants' deceptive and unlawful medical lien practice has caused great financial harm to Plaintiffs and to the proposed class by obstructing, delaying settlement of claims and by and extorting payments from Plaintiffs and the proposed class from third-party damage recoveries through the use of invalid liens.  If left unchecked, Defendants' actions will continue to mislead and deceive a substantial portion of the public.

## II.     PARTIES

2.1     Plaintiff and Class Representative, Velma Walker, received healthcare services from Defendant MultiCare in Pierce County for traumatic tort injuries, and was subsequently defrauded by the unlawful lien and lien collection practice of Defendants Hunter Donaldson, and Rebecca A. Rohlke and Ralph Wadsworth, on behalf of Hunter Donaldson.



CLASS ACTION COMPLAINT FOR DAMAGES 3 of 32

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654

www.pcvalaw.com

2.2     Plaintiff and Class Representative, James Stutz, received healthcare services from Defendant MultiCare in Pierce County for traumatic tort injuries, and was subsequently defrauded by the unlawful lien and lien collection practice of Defendants Hunter Donaldson, and Rebecca A. Rohlke and Ralph Wadsworth, on behalf of Hunter Donaldson.

2.3     Plaintiff and Class Representative, Karl Walthall, received healthcare services from Defendant MultiCare in Pierce County for traumatic tort injuries, and was subsequently defrauded by the unlawful lien and lien collection practice of Defendants Hunter Donaldson, and Rebecca A. Rohlke and Ralph Wadsworth, on behalf of Hunter Donaldson.

2.4     Plaintiff and Class Representative, Gina Cichon, received healthcare services from Defendant MultiCare in Pierce County for traumatic tort injuries, and was subsequently defrauded by the unlawful lien and lien collection practice of Defendants Hunter Donaldson, and Rebecca A. Rohlke and Ralph Wadsworth, on behalf of Hunter Donaldson.

2.5     Plaintiff and Class Representative, Melanie Smallwood, received healthcare services from Defendant MultiCare in Pierce County for traumatic tort injuries, and was subsequently defrauded by the unlawful lien and lien collection practice of Defendants Hunter Donaldson, and Rebecca A. Rohlke and Ralph Wadsworth, on behalf of Hunter Donaldson.

2.6     At all times material hereto, Defendant Hunter Donaldson was a foreign Limited Liability Company based in California doing business in Washington State.

2.7     At all times material hereto, Defendant MultiCare was a non-profit corporation duly authorized and licensed by the State of Washington to operate healthcare facilities and provide healthcare services.

CLASS ACTION COMPLAINT FOR DAMAGES 4 of 32



PFAU COCHRAN VERTETIS AMALA
A Professional Limited Liability Company

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654

www.pcvalaw.com

2.8     Upon information and belief, at all times material hereto Defendant Rebecca A. Rohlke was a resident of the State of California, acting as an agent of Hunter Donaldson, and improperly using a notary public commission for the State of Washington to do business in Washington on behalf of Defendants Hunter Donaldson and MultiCare.

2.9     Upon information and belief, at all times material hereto, Defendant John Doe Rohlke is married to Defendant Rebecca A. Rohlke and together they constitute a marital community. All actions taken by Defendant Rebecca A. Rohlke as alleged in the Complaint herein are for the benefit of her marital community.

2.10    Upon information and belief, at all times material hereto Defendant Ralph Wadsworth was an owner and principal of Defendant Hunter Donaldson and a resident of the State of California, who improperly created and recorded illegal medical liens for the benefit of Defendants Hunter Donaldson and MultiCare.

2.11    Upon information and belief, at all times material hereto, Defendant Jane Doe Wadsworth is married to Defendant Ralph Wadsworth and together they constitute a marital community. All actions taken by Defendant Ralph Wadsworth as alleged in the Complaint herein are for the benefit of his marital community.

### III.     JURISDICTION AND VENUE

3.1     Plaintiff and Class Representative Velma Walker is a resident of Pierce County, Washington.

3.2     Plaintiff and Class Representative James Stutz is a resident of Pierce County, Washington.



PFAU COCHRAN
VERTETIS AMALA
A Professional Limited Liability Company

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799 Facsimile: (253) 627-0654

www.pcvalaw.com

CLASS ACTION COMPLAINT FOR DAMAGES 5 of 32

3.3     Plaintiff and Class Representative Karl Walthall is a resident of Pierce County, Washington.

3.4     Plaintiff and Class Representative Gina Cichon was injured in Pierce County, Washington and was, at all times material, a resident of Pierce County, Washington.

3.5     Plaintiff and Class Representative Melanie Smallwood is a resident of Pierce County, Washington.

3.6     Defendant Hunter Donaldson regularly transacts business in Pierce County, Washington.

3.7     Defendant Rebecca A. Rohlke has notarized and provided a seal for thousands of liens filed in Pierce County and recorded with the Pierce County Auditor's Office that were purportedly signed by Defendant Hunter Donaldson on behalf of MultiCare.  Upon information and belief, Rohlke is believed to be the daughter of Defendant Ralph Wadsworth.

3.8     Defendant Ralph Wadsworth has executed under oath thousands of liens filed in Pierce County and recorded with the Pierce County Auditor's Office that were purportedly signed on behalf of Defendants Hunter Donaldson and MultiCare.  Upon information and belief, Wadsworth is believed to be the father of Defendant Rebecca Rohlke.

3.9     Defendant MultiCare's headquarters and its principal place of business were, and currently are, in Tacoma, Pierce County, Washington.

3.10    The acts giving rise to this complaint occurred in Pierce County, Washington.

3.11    As such, this Court has jurisdiction over this matter pursuant to RCW 2.08.010, and venue is proper in this Court pursuant to RCW 4.12.020 and 4.12.025.

## IV.    STATEMENT OF FACTS

CLASS ACTION COMPLAINT FOR DAMAGES 6 of 32



PFAU COCHRAN
VERTETIS AMALA
A Professional Limited Liability Company

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654

www.pcvalaw.com

4.1     Plaintiffs and Class Representatives Velma Walker, James Stutz, Karl Walthall, Gina Cichon and Melanie Smallwood each received healthcare services from MultiCare for traumatic injuries caused by third party tortfeasors.  In each case, MultiCare authorized Hunter Donaldson to act as its agent for the purpose of filing a notice of medical lien pursuant to RCW 60.44.010.

4.2     The liens outlined in the introductory paragraphs and purportedly signed by Hunter Donaldson on behalf of MultiCare are invalid because they were not properly subscribed by the claimant or verified before a person authorized to administer oaths as required by RCW 60.44.020.

4.3     Further, Hunter Donaldson is not a recognized claimant under Washington's medical lien statute and therefore its managing partner Ralph Wadsworth's signature is insufficient to act as the signature of MultiCare.  Moreover, the notary attestation regarding the signature of Ralph Wadsworth is insufficient to establish that he was authorized to sign the liens on behalf of Hunter Donaldson.

4.4     Additionally, the notary, Rebecca A. Rohlke, also a Hunter Donaldson employee, is not authorized under RCW 42.44.020 to administer oaths in this state because she is not a resident of Washington, Oregon, or Idaho—rather, she is, and always has been at all material times, a resident of California.

4.5     Also, the jurat accompanying the attestation of Rebecca A. Rohlke, purportedly acting as a notary public in and for the State of Washington, is deficient in that it contains a falsely made sworn statement.  While alleging to be made in Pierce County,



911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799 Facsimile: (253) 627-0654

www.pcvalaw.com

NOTICE OF REMOVAL -- 00043

1    Washington, upon information and belief, the sworn statement (ss.) was actually made in the

2    State of California.

3        4.6     Additionally, upon information and belief, MultiCare's Vice President in

4    charge of Revenue Cycle at the time, Jason Adams, acted in concert with others at MultiCare

5    and with Defendants Rohlke and Hunter Donaldson, to provide false residency information

6    for and falsely endorse Rohlke as a Washington State resident when she was in fact a

7    California resident, at all material times living in La Habra, California and Fullerton,

8    California.[1]

9

10       4.7     Despite obvious deficiencies and falsities, Hunter Donaldson used the invalid

11   and fraudulent liens it created and filed to encumber plaintiffs' property rights with medical

12   liens, often delaying third party recoveries as a result.

13       4.8     Hunter Donaldson also used the invalid and fraudulent liens it created and filed

14   to obtain payment from the plaintiffs for medical services provided by MultiCare.

15

16       4.9     Hunter Donaldson has also threatened to initiate litigation against plaintiffs

17   unless they and proposed class members made payment on the invalid liens.

18       4.10    Hunter Donaldson has utilized this same unlawful and misleading lien practice

19   to obtain third-party settlement funds from thousands of MultiCare's patients.

20   **a.  Plaintiff and Class Representative Velma Walker**

21

22

23

24

25   _____

26   [1] Exhibit 1



PFAU COCHRAN
VERTETIS AMALA
A Professional Limited Liability Company

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654

www.pcvalaw.com

4.11    On or around January 12, 2011, plaintiff Velma Walker was in a slip and fall accident.    Plaintiff Walker suffered traumatic injuries as a result of a third party tortfeasor's negligence.

4.12    MultiCare   treated   Plaintiff   Velma   Walker's   traumatic   injuries   in   Pierce County, Washington.

4.13    On or around April 2011 and again in April 2012, Hunter Donaldson recorded two medical service liens under RCW 60.44.010 with the Pierce County Auditor's office on behalf of MultiCare against Plaintiff Velma Walker's claim or right of action against the tortfeasor responsible for her traumatic injuries. [2]

4.14    The instrument filed by Hunter Donaldson was signed by Hunter Donaldson's managing partner Ralph Wadsworth as claimant's "agent," and notarized by Hunter Donaldson employee Rebecca A. Rohlke, as a Notary Public in and for the State of Washington.

4.15    Upon information and belief, notary Rohlke is not and never was, at all material times, a resident of Washington, Oregon, or Idaho as required under RCW 42.44.020. Rather, Rebecca A. Rohlke is and was, at all material times, a resident of California purposefully using a fraudulently obtained Washington State notary commission to notarize medical liens for Hunter Donaldson to record on behalf of MultiCare.

4.16    On or about June 2012, Plaintiff Velma Walker agreed to a settlement from the liable third-party tortfeasor.    To date, a portion of Plaintiff Walker's third party settlement

_____

[2] Attached as Exhibits 2 & 3.

CLASS ACTION COMPLAINT FOR DAMAGES 9 of 32

PCV PFAU COCHRAN
VERTETIS AMALA
A Professional Limited Liability Company

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799 Facsimile: (253) 627-0654

www.pcvalaw.com

1   recovery is still being held in trust as a result of the invalid medical services lien recorded by

2   Hunter Donaldson on behalf of MultiCare.

3   **b.  Plaintiff and Class Representative James Stutz**

4

5   4.17    On or around July 2010, Plaintiff James Stutz was injured in a motor vehicle

6   collision.   Plaintiff Stutz suffered traumatic injuries as a result of a third party tortfeasor's

7   negligence.

8   4.18    MultiCare treated Plaintiff James Stutz's traumatic injuries in Pierce County,

9   Washington.

10

11  4.19    On or around August 2010, in August 2011, in May 2012 and again in July

12  2012, Hunter Donaldson recorded medical service liens under RCW 60.44.010 with the Pierce

13  County Auditor's office on behalf of MultiCare against Plaintiff James Stutz's claim or right

14  of action against the tortfeasor responsible for his traumatic injuries. [3]

15  4.20    The instrument filed by Hunter Donaldson was signed by Hunter Donaldson's

16  managing partner Ralph Wadsworth as claimant's "agent," and notarized by Hunter

17  Donaldson employee Rebecca A. Rohlke, as a Notary Public in and for the State of

18  Washington, with a sworn statement ("ss.") allegedly made in Pierce County, Washington.

19

20  4.21    Upon information and belief, notary Rohlke is not and never was, at all

21  material times, a resident of Washington, Oregon, or Idaho as required under RCW 42.44.020.

22  Rather, Rebecca A. Rohlke is and was, at all material times, a resident of California

23

24

25  ─────────────────────

    [3] Attached as Exhibits 4-6.

26



CLASS ACTION COMPLAINT FOR DAMAGES 10 of
32

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799 Facsimile: (253) 627-0654
www.pcvalaw.com

purposefully using a fraudulently obtained Washington State notary commission to notarize medical liens for Hunter Donaldson to record on behalf of MultiCare.

4.22    Additionally, upon information and belief, notary Rohlke was, at all times material, in California when she included the sworn statement ("ss.") in the Notice of Claim for a medical services lien that notarization occurred in Pierce County, Washington.

4.23    On or about August 2012, Plaintiff James Stutz agreed to a settlement from the liable third-party tortfeasor.   To date, a portion of Plaintiff Stutz's third party settlement recovery is still being held in trust as a result of the invalid medical services lien recorded by Hunter Donaldson on behalf of MultiCare.

**c.   Plaintiff and Class Representative Karl Walthall**

4.24    On or around August 14, 2010, Plaintiff Karl Walthall was in a serious motor vehicle collision.   Plaintiff Walthall suffered traumatic injuries as a result of a third party tortfeasor's negligence.

4.25    MultiCare treated Plaintiff Karl Walthall's traumatic injuries in Pierce County, Washington.

4.26    On or around May 2011 and again in April 2012, Hunter Donaldson recorded medical service liens under RCW 60.44.010 with the Pierce County Auditor's office on behalf of MultiCare against Plaintiff Karl Walthall's claim or right of action against the tortfeasor responsible for his traumatic injuries.[4]

---

[4] Attached as Exhibit 7 & 8.

CLASS ACTION COMPLAINT FOR DAMAGES 11 of 32



PFAU COCHRAN VERTETIS AMALA
A Professional Limited Liability Company

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654

www.pcvalaw.com

4.27    The instruments filed by Hunter Donaldson were signed by Hunter Donaldson's managing partner Ralph Wadsworth as claimant's "agent," and notarized by Hunter Donaldson employee Rebecca A. Rohlke, as a Notary Public in and for the State of Washington.

4.28    Upon information and belief, notary Rohlke is not and never was, at all material times, a resident of Washington, Oregon, or Idaho as required under RCW 42.44.020. Rather, Rebecca A. Rohlke is and was, at all material times, a resident of California purposefully using a fraudulently obtained Washington State notary commission to notarize medical liens for Hunter Donaldson to record on behalf of MultiCare.

4.29    On September 6, 2011, Plaintiff Karl Walthall filed suit against the tortfeasor responsible for his traumatic injuries.  Under RCW 60.44 et seq., Plaintiff Walthall's right to recover as a result of his lawsuit was encumbered by Hunter Donaldson's medical lien it recorded  on behalf of MultiCare.

4.30    In July 2012, Plaintiff Karl Walthall agreed to a settlement from the liable third-party tortfeasor.  Subsequently, Hunter Donaldson demanded Plaintiff Walthall satisfy the full amount of its purported medical lien.  To date, a portion of Plaintiff Walthall's third party settlement recovery is still being held in trust as a result of the invalid medical services lien recorded by Hunter Donaldson on behalf of MultiCare.

**d.  Plaintiff and Class Representative Gina Cichon**

4.31    On or around February 2012, Plaintiff Gina Cichon was injured in a motor vehicle collision.   Plaintiff Cichon suffered traumatic injuries as a result of a third party tortfeasor's negligence.



CLASS ACTION COMPLAINT FOR DAMAGES 12 of 32

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799 Facsimile: (253) 627-0654

www.pcvalaw.com

4.32    MultiCare treated Plaintiff Gina Cichon's traumatic injuries in Pierce County, Washington.

4.33    On or around March 2012, and again in February 2013, Hunter Donaldson recorded medical service liens under RCW 60.44.010 with the Pierce County Auditor's office on behalf of MultiCare against Plaintiff Gina Cichon's claim or right of action against the tortfeasor responsible for her traumatic injuries.[5]

4.34    The instruments filed by Hunter Donaldson were signed by Hunter Donaldson's managing partner Ralph Wadsworth as claimant's "agent," and notarized by Hunter Donaldson employee Rebecca A. Rohlke, as a Notary Public in and for the State of Washington, with a sworn statement ("ss.") allegedly made in Pierce County, Washington.

4.35    Upon information and belief, notary Rohlke is not and never was, at all material times, a resident of Washington, Oregon, or Idaho as required under RCW 42.44.020. Rather, Rebecca A. Rohlke is and was, at all material times, a resident of California purposefully using a fraudulently obtained Washington State notary commission to record medical liens for Hunter Donaldson on behalf of MultiCare.

4.36    Additionally, upon information and belief, notary Rohlke was, at all times material, in California when she included the sworn statement ("ss.") in the Notice of Claim for a medical services lien that notarization occurred in Pierce County, Washington.

e. **Plaintiff and Class Representative Melanie Smallwood**

---

[5] Attached as Exhibit 9.



911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654

www.pcvalaw.com

4.37   On or around November 3, 2011, Plaintiff Melanie Smallwood was in a serious motor vehicle collision.  Plaintiff Smallwood suffered traumatic injuries as a result of a third party tortfeasor's negligence.

4.38   MultiCare treated Plaintiff Smallwood's traumatic injuries in Pierce County, Washington.

4.39   On or about November 28, 2011, Hunter Donaldson recorded medical service liens under RCW 60.44.010 with the Pierce County Auditor's office on behalf of MultiCare against Plaintiff Melanie Smallwood's claim or right of action against the tortfeasor responsible for her traumatic injuries.[6]

4.40   The instruments filed by Hunter Donaldson were signed by Hunter Donaldson's managing partner Ralph Wadsworth as claimant's "agent," and notarized by Hunter Donaldson employee Rebecca A. Rohlke, as a Notary Public in and for the State of Washington.

4.41   Upon information and belief, notary Rohlke is not and never was, at all material times, a resident of Washington, Oregon, or Idaho as required under RCW 42.44.020. Rather, Rebecca A. Rohlke is and was, at all material times, a resident of California purposefully using a fraudulently obtained Washington State notary commission to record medical liens for Hunter Donaldson on behalf of MultiCare.

4.42   In December 2012, Plaintiff Melanie Smallwood agreed to a settlement from the liable third-party tortfeasor.  On or about February 2013, Plaintiff Smallwood satisfied the

---

[6] Attached as Exhibit 10.

CLASS ACTION COMPLAINT FOR DAMAGES 14 of 32



PFAU COCHRAN
VERTETIS AMALA
A Professional Limited Liability Company

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799 Facsimile: (253) 627-0654

www.pcvalaw.com

lien by paying the amount owed as alleged by Hunter Donaldson in full equaling $1,059.00. To date, neither Hunter Donaldson nor MultiCare have removed the lien against Plaintiff Smallwood.

**V.     CLASS ALLEGATIONS**

5.1     Plaintiffs bring this action on behalf of themselves and the class pursuant to CR 23.

5.2     **Class Definition:** Plaintiffs propose the following class definition:

a.     **Damages Class -** Subjected to Hunter Donaldson's Liens and Lien Practice on behalf of MultiCare and Have Paid the Amount of the Lien as a Result.  All persons in the State of Washington: (1) who have received health care benefits from MultiCare for traumatic injuries caused by responsible third party tortfeasors; (2) who obtained recoveries against third parties for injuries and/or damages, (3) whose recoveries have been subjected to MultiCare's/ Hunter Donaldson's liens and/or lien enforcement practices; and (4) who paid Hunter Donaldson and/or MultiCare a portion of their third-party recovery in satisfaction of the invalid lien.

b.     **Declaratory Relief Class –** Subjected to Hunter Donaldson's Liens on behalf of MultiCare.  All Persons in the State of Washington:  (1) who received health care treatment from MultiCare for traumatic injuries caused by responsible third party tortfeasors; and (2) whose claim or right of action against the tortfeasor responsible for his/her traumatic injuries is or was subjected to Hunter Donaldson's liens on behalf of MultiCare.

c.     **Injunctive Relief Class A –** Subjected to Hunter Donaldson's Lien

CLASS ACTION COMPLAINT FOR DAMAGES 15 of 32



911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654

www.pcvalaw.com

Practice on behalf of MultiCare and Have Monies in Trust Pursuant to RCW 60.44 et seq.  All persons in the State of Washington:  (1) who received health care treatment from MultiCare for traumatic injuries caused by responsible third party tortfeasors; (2) who obtained recoveries against liable third parties for injuries and/or damages, (3) whose recoveries were subjected to Hunter Donaldson's liens and/or lien enforcement practices on behalf of MultiCare, and; (4) whose recoveries are being held in trust until the validity or lack thereof of Defendants' medical services liens is determined.

   **d.**   **Injunctive Relief Class B** – Subjected to Hunter Donaldson's Lien Practice on behalf of MultiCare.  All persons in the State of Washington:  (1) who received health care treatment from MultiCare for traumatic injuries caused by responsible third party tortfeasors; and (2) whose claim or right of action against the tortfeasor responsible for his/her traumatic injuries is or was subjected to Hunter Donaldson's liens and/or lien enforcement practices on behalf of MultiCare.

   5.3   **Numerosity:** Plaintiffs' proposed class and sub-classes, as defined by CR 23(b), consists of thousands of persons who received health care treatment from MultiCare for traumatic injuries caused by responsible third party tortfeasors and who have been subjected to Defendants' liens and/or lien enforcement practices.  As such, the class is so numerous that joinder of all members is impractical.

   5.4   **Typicality:**  The plaintiffs' claims and/or defenses are typical of the claims and/or defenses of the class in that the other class members have suffered and will continue to suffer property loss, including but not limited to, loss of monies, due to Hunter Donaldson and



PFAU COCHRAN
VERTETIS AMALA
A Professional Limited Liability Company

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654

www.pcvalaw.com

CLASS ACTION COMPLAINT FOR DAMAGES 16 of 32

MultiCare's lien enforcement practice.

5.5 **Named Class Members Identifiable.** Class members can be identified, upon information and belief, through MultiCare's and Hunter Donaldson's lien claims records and/or information in MultiCare's and/or Hunter Donaldson's possession or control concerning liens and subrogation demands.

5.6 **Adequacy of Representation:** The plaintiffs will fairly and adequately protect the class because (1) plaintiffs have retained counsel that is competent and experienced in the prosecution of such litigation, (2) plaintiffs and their counsel are aware of no conflicts of interest between plaintiffs and absent class members or otherwise; and (3) plaintiffs are knowledgeable concerning the subject matter of this action and will assist counsel in the prosecution of this litigation.

5.7 This lawsuit involves questions of law and fact that are common to the class.

5.8 **Common Questions of Law and Fact:** Questions of law and fact which are common to the class with respect to the claims against Defendants predominate over any individual questions. Among such questions of law and fact are:

    A. Whether Defendants MultiCare and/or Hunter Donaldson hold valid RCW 60.44.010 medical liens under Washington law in light of deficiencies and material misrepresentations made by Hunter Donaldson?

    B. Whether Defendant MultiCare is authorized under Washington law to retain a non-licensed, out-of-state third party company to execute, record and collect on its RCW 60.44.010 medical liens?

    C. Whether Defendant Hunter Donaldson should be licensed as a collection agency in the State of Washington in order to pursue collection of medical services liens pursuant to RCW 60.44 et seq.?



CLASS ACTION COMPLAINT FOR DAMAGES 17 of 32

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799 Facsimile: (253) 627-0654

www.pcvalaw.com

D. Whether Defendant Hunter Donaldson's signatory Ralph Wadsworth, as an alleged "agent", is a "claimant" authorized to subscribe and attest to the information included in the lien filed with the county auditor pursuant to RCW 60.44.020?

E. Whether Defendant Hunter Donaldson's notary, Rebecca A. Rohlke, is qualified under RCW 42.44.020 to notarize medical services liens?

F. Whether Rebecca A. Rohlke's jurat containing the sworn statement (ss.) that each Notice of Claim was notarized in Pierce County, Washington is inaccurate and otherwise false?

G. Whether defendants MultiCare and Hunter Donaldson lien practices violate the Consumer Protection Act of the State of Washington and/or the consumer protection statutes of various states, by using invalid liens to encumber plaintiffs' claims and rights of action and to obtain third-party settlement funds?

H. Whether Defendants MultiCare and/or Hunter Donaldson should be required to disgorge the funds it has already collected in derogation of Washington State's medical lien and consumer protection laws.

I. Whether Defendants MultiCare and/or Hunter Donaldson have converted Plaintiffs property by the receipt of settlement funds received as a result of unlawful and invalid medical services liens?

J. Whether Defendants MultiCare and/or Hunter Donaldson have been unjustly enriched by the receipt of settlement funds received as a result of unlawful and invalid medical services liens?

K. Whether Defendants Hunter Donaldson and MultiCare acted in concert in order to create and record unlawful and invalid medical services liens against Plaintiffs and proposed class members?

L. Whether the Court should enjoin Defendants MultiCare and Hunter Donaldson from the practices complained of herein?

5.9     There is a community of interest among the Class Members in obtaining appropriate compensatory damages and declaratory relief.

5.10     **Superiority:**     A class action provides a fair and efficient method for

CLASS ACTION COMPLAINT FOR DAMAGES 18 of 32

**PFAU COCHRAN VERTETIS AMALA**
A Professional Limited Liability Company

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799 Facsimile: (253) 627-0654

www.pcvalaw.com

adjudicating this controversy and is superior to the other methods of adjudication in that (1) neither the size of the class, nor any other factor, make it likely that difficulties will be encountered in the management of this action as a class action; (2) the prosecution of separate actions by individual class members, or the individual joinders of all class members in this action is impracticable and would create a massive and unnecessary burden on the resources of courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of each member of the class, (3) because of the disparity of resources available to defendants versus those available to individual class members, prosecution of separate actions would work a financial hardship on many class members and (4) the conduct of this action as a class action conserves the resources of the parties and the court system and protects the rights of each member of the class and meets all due process requirements as to fairness to all parties.   A class action is also superior to maintenance of these claims on a claim by claim basis when all actions arise out of the same circumstances and course of conduct.

     **5.11    Individual Prosecution Unlikely and Unreasonable.**   Plaintiffs and their counsel are not aware of any interest that members of the class would have in individually controlling the prosecution of separate actions, especially given the size of each individual claim, and the cost, expense and difficulty of litigating against defendants.  Plaintiffs and their counsel are also not aware of any actions already commenced on behalf of the class members alleging similar claims or seeking similar relief.   Given the similar nature of the class members' claims and the absence of material differences in the state statutes and common law doctrine upon which the class members' claims are based (should Washington law not solely



CLASS ACTION COMPLAINT FOR DAMAGES 19 of 32

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654

www.pcvalaw.com

apply), a class action should be managed by this court.  A significant economy of scale exists in concentrating the litigation in this forum.

5.12    The proposed class fulfills the certification criteria of CR 23(a), and certification of the above defined class is appropriate under the provision of CR 23(b).

## VI.    CAUSES OF ACTION

### a.   Declaratory and Injunctive Relief Against MultiCare and Hunter Donaldson

6.1    Plaintiffs re-allege the paragraphs set forth above and below.

6.2    Plaintiffs seek a judicial declaration that Defendants MultiCare and Hunter Donaldson's lien enforcement practices violate Washington law.   Specifically, Plaintiffs seek an order from the Court enjoining Defendant MultiCare from retaining third-party collector Hunter Donaldson to execute, record and collect on medical liens when Hunter Donaldson has used and is using deceptive and/or fraudulent lien practices to deprive Plaintiffs from property and property interests.    Additionally, Plaintiffs seek an order from the Court enjoining Defendants Hunter Donaldson and MultiCare from enforcing liens that have not been properly perfected, subscribed, and notarized as required under RCW 60.44.020.

### b.   Consumer Protection Act Against MultiCare and Hunter Donaldson

6.3    Plaintiffs re-allege the paragraphs set forth above and below.

6.4    "Because statutes creating liens are in derogation of common law, a person claiming the benefit of a statutory lien carries the burden of proving the right to it. This burden includes a showing that the lien claimant has 'complied strictly with the provisions of the law that created it.'" *Pearl v. Greenlee*, 76 Wn. App. 338, 340-41 (1994), citing *Pacific Erectors, Inc. v. Gall Landau Young Constr. Co.*, 62 Wn. App. 158, 168 (1991).



911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654

www.pcvalaw.com

6.5     RCW 60.44.010 provides, "Every **operator** . . . of an ambulance service or of a hospital, and every duly licensed nurse, practitioner, physician, and surgeon rendering service, or transportation and care, for any person who has received a traumatic injury and which is rendered by reason thereof shall have a lien upon any claim, right of action, and/or money to which such person is entitled." (emphasis added).

6.6     RCW 60.44.020 provides, all medical lien claims "shall be subscribed by the claimant and verified by a person authorized to administer oaths." RCW 42.44.020 requires, among other things, all persons authorized to administer oaths either (1) reside in Washington State, or (2) reside in an adjoining state if they are regularly employed in Washington or carry on business in Washington State.

6.7     Plaintiffs and the proposed class members suffered traumatic injuries as a result of a third party tortfeasor's negligence and received health care services from MultiCare.

6.8     MultiCare retained Hunter Donaldson, a California firm specializing in collections, to execute, record and collect on its statutory medical liens for services rendered to Plaintiffs.  Hunter Donaldson failed to properly perfect, notarize, and subscribe the assigned liens by falsifying the notarization.  Yet, despite these obvious deficiencies, Hunter Donaldson used invalid liens to encumber plaintiffs' claims and rights of action and also obtained payment from the plaintiffs and proposed class members.  Moreover, Hunter Donaldson threatened to initiate litigation if Plaintiffs and the proposed class members refused to make payment on invalid liens.

CLASS ACTION COMPLAINT FOR DAMAGES 21 of 32



PFAU COCHRAN
VERTETIS AMALA
A Professional Limited Liability Company

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799 Facsimile: (253) 627-0654
www.pcvalaw.com

6.9    In *Klem v. Washington Mut. Bank*, ___ Wn.2d ____, 295 P.3d 1179, 1191 (2013), the Washington State Supreme Court stated that, "a false notarization is a crime and undermines the integrity of our institutions upon which all must rely upon the faithful fulfillment of the notary's oath." The *Klem* Court stated unequivocally that the practice of falsely notarizing a notice of nonjudicial foreclosure sale is an unfair or deceptive practice under the CPA. *Id.* at 1192.

6.10   MultiCare and Hunter Donaldson, by implementing a practice of falsely notarizing medical liens, have also engaged in a pattern of unfair, deceptive, and unlawful conduct pursuant to a common policy that has the capacity to deceive a substantial portion of the public, similar to that in *Klem v. Washington Mut. Bank. Id.* Moreover, upon information and belief, MultiCare and Hunter Donaldson have made substantial profits by utilizing the unfair and deceptive lien practice described herein.

6.11   The acts and omissions of defendants MultiCare and Hunter Donaldson as described herein, and as will be further developed in discovery, were and are unfair and deceptive acts or practices in trade and commerce, and affect the public interest.   As such, the acts and omissions of MultiCare and Hunter Donaldson as described herein, and as will be further developed in discovery, are in violation of Washington's Consumer Protection Act, RCW 19.86 *et seq.*, entitling the plaintiffs and class members to treble damages, reasonable attorneys' fees, costs of suit, and such other relief as may be permitted by statute.

6.12   Defendants' MultiCare and Hunter Donaldson's unlawful lien practices have directly and proximately caused injury to plaintiffs and other class members' property interests by fraudulently encumbering, obstructing and delaying Plaintiffs' and the proposed



PFAU COCHRAN VERTETIS AMALA
A Professional Limited Liability Company

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654

www.pcvalaw.com

class members' recovery, and inducing Plaintiffs and the proposed class members to make payment on invalid medical liens.

**c. Unlawful Operating of a Collection Agency and Violation of the Washington State Consumer Protection Act Against Hunter Donaldson**

6.13   RCW 19.16.100(2)(a) defines a collection agency as any person directly or indirectly engaged in soliciting claims for collection, or collecting or attempting to collect claims owed or due or asserted to be owed or due another person.

6.14   By executing, recording and collecting on medical liens due to MultiCare, Hunter Donaldson is directly and indirectly collecting and attempting to collect claims owed or due or asserted to be owed or due to MultiCare.

6.15   Further, RCW 19.16.110 directs that no person shall act, assume to act, or advertise as a collection agency or out-of-state collection agency as defined in this chapter, except as authorized by this chapter, without first having applied for and obtained a license from the director of licensing.

6.16   Upon information and belief, Hunter Donaldson has not applied for or obtained a license from the director of licensing despite the fact that it regularly executes, records and collects claims owed or due or asserted to be owed or due to MultiCare.

6.17   Under RCW 19.16.440, the unlawful operation of a collection agency or out-of-state collection agency without a license is declared to be a violation of the Washington State Consumer Protection Act under RCW 19.86.

6.18   Therefore, by collecting and attempting to collect claims owed or due or asserted to be owed or due to MultiCare without a license from the director of licensing,



CLASS ACTION COMPLAINT FOR DAMAGES 23 of 32

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799 Facsimile: (253) 627-0654

www.pcvalaw.com

1   Hunter Donaldson is in violation of RCW 19.16.440 and the Washington State Consumer

2   Protection Act, RCW 19.86.

3         6.19   Pursuant to RCW 19.16.430, all monies collected or received by any person

4   who operates as a collection agency or out-of-state collection agency in the state of

5   Washington without a valid license shall be disgorged.

6

7       **d.  Negligence Against MultiCare**

8         6.20   Plaintiffs re-allege the paragraphs set forth above and below.

9         6.21   Plaintiffs and the proposed class members received health care treatment from

10  MultiCare.  As such, a special relationship exists between MultiCare and the plaintiffs and

11  proposed class.  This special relationship created duties of reasonable care, which are owed by

12  MultiCare to Plaintiffs and the proposed class.   Additionally, if Hunter Donaldson was acting

13  as MultiCare's agent, then its acts and omissions are imputed to MultiCare.

14

15        6.22   MultiCare has a duty to not to retain an unauthorized, unregistered, unlicensed

16  entity, such as   Hunter Donaldson, to execute, record and collect on its statutory liens.

17  Furthermore, MultiCare has a duty not to assert a lien against Plaintiffs and the proposed class

18  members' third-party recoveries which has been deceptively and/or fraudulently obtained.

19

20        6.23   The acts and omissions of MultiCare and Hunter Donaldson as described

21  herein, and as will be further developed in discovery, were negligent and in violation of its

22  duty to exercise reasonable care towards Plaintiffs and the proposed class members.   For

23  instance, MultiCare breached its duty of care by retaining Hunter Donaldson, an unauthorized,

24  unregistered, unlicensed entity to execute record and collect on  Hunter Donaldson, a non-

25  authorized lien holder, regarding medical services rendered to Plaintiffs and the proposed

26

CLASS ACTION COMPLAINT FOR DAMAGES 24 of
32

**PFAU COCHRAN**
**VERTETIS AMALA**
A Professional Limited Liability Company

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654

www.pcvalaw.com

class members.  Hunter Donaldson breached the defendants' duty of care by misrepresenting its credentials and asserting invalid liens against the plaintiffs and proposed class members' third-party recoveries.

6.24    As a direct and proximate result, Plaintiffs and the proposed class members' claims and rights of action were fraudulently encumbered, obstructed and delayed.  Also as a direct and proximate result of Defendants actions, Plaintiffs and the proposed class members were fraudulently induced to make payment on invalid medical liens out of third party recoveries.  Finally, Plaintiffs and the proposed class member also suffered unnecessary stress and anxiety due to these unlawful practices.

**e.  Negligence Against Hunter Donaldson**

6.25    Plaintiffs re-allege the paragraphs set forth above and below.

6.26    Hunter Donaldson owed a duty to be truthful and not misleading to Plaintiffs when it recorded liens under RCW 60.44.010 to recover portions of third-party recoveries in satisfaction of purported medical services liens it was filing on behalf of MultiCare.

6.27    The liens Hunter Donaldson recorded were not lawfully subscribed, verified or notarized, and were therefore invalid and unenforceable.

6.28    Hunter Donaldson knew or should have known that the information supplied to Plaintiffs and the proposed class members, as well as to the county where the liens were recorded, regarding the liens and MultiCare's purported rights thereunder was false. Moreover, Hunter Donaldson knew or should have known that its liens were invalid and therefore unenforceable and void.



911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799 Facsimile: (253) 627-0654
www.pcvalaw.com

NOTICE OF REMOVAL -- 00061

6.29    Despite these obvious deficiencies, Hunter Donaldson represented to Plaintiffs and the proposed class members, as well as to the county where the liens were recorded, that it had executed valid liens and enforceable liens on behalf of MultiCare, and demanded payment on behalf of MultiCare from their third-party recoveries with threat of litigation.

6.30    As a direct and proximate result of Hunter Donaldson's acts and omissions described herein, Plaintiffs and the proposed class members suffered property damages in encumbering of claims and rights of action, the loss of monies from third-party settlements, in addition to stress, anxiety, and emotional distress.

**f.   Fraud**

6.31    Plaintiffs re-allege the paragraphs set forth above and below.

6.32    Defendants are liable for fraud because they affirmatively represented to Plaintiffs and the other members of the proposed classes that they possessed valid medical liens against third-party settlement recoveries, despite knowing that their liens were invalid, or at the very least, recklessly and carelessly failing to ascertain the fact that the liens were invalid.

6.33    Defendants represented to Plaintiffs and the proposed class by written and verbal statements that they possessed valid medical liens against third-party settlement recoveries, and that payment was therefore required once the third-party liability claims were resolved.

6.34    Plaintiffs and the proposed class relied upon these representations of Defendants, and paid substantial portions of third-party recoveries to Defendants in satisfaction of the invalid and fraudulent liens.

CLASS ACTION COMPLAINT FOR DAMAGES 26 of 32



PFAU COCHRAN
VERTETIS AMALA
A Professional Limited Liability Company

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654

www.pcvalaw.com

6.35    These representations were material, false, and misleading because Plaintiffs and the proposed class would not have paid Defendants money from third-party recoveries if they knew that Defendants' liens were invalid.

6.36    Defendants knew these representations were false and misleading, because they knew their liens were invalid under Washington law, or at the very least, recklessly and carelessly failed to ascertain the fact that their liens were invalid.

6.37    Defendants made these representations with the intent of inducing Plaintiffs and the proposed class members to rely on the representations so they would pay them a portion of their third-party recoveries.

6.38    Plaintiffs and the proposed class members reasonably relied on these representations, because Defendants misrepresented themselves as being in possession of valid medical liens.  If Plaintiffs knew these representations were false, they would not have made payments to Defendants from their third-party recoveries.

6.39    The reliance of Plaintiffs and the proposed class members was reasonable and justified because they did not know that Defendants' medical liens were invalid.   Given the superior and unique knowledge possessed and exclusively held by Defendants about the validity of the liens and Washington law, Plaintiffs and proposed class members reasonably and rightfully relied upon these representations by Defendants.

6.40    Plaintiffs and the proposed class members acted to their detriment in relying upon the representations by Defendants when they paid substantial portions of third-party recoveries towards these invalid liens.

CLASS ACTION COMPLAINT FOR DAMAGES 27 of 32



PFAU COCHRAN
VERTETIS AMALA
A Professional Limited Liability Company

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654

www.pcvalaw.com

6.41    As a direct and proximate result of these fraudulent representations by Defendants, Plaintiffs and the proposed class members suffered damages as described more fully herein.

**g.      Conversion as to Plaintiff Smallwood and Similarly Situated Class Members**

6.42    Plaintiffs re-allege the paragraphs set forth above and below.

6.43    Defendants Hunter Donaldson and MultiCare demanded payment via their invalid and illegal medical lien.

6.44    As a result of the demands of Defendants Hunter Donaldson and MultiCare and based upon the existence of the unlawful and improper medical lien, Defendants wrongfully induced Plaintiff Smallwood to pay the entire amount as represented by Defendants in their improper lien.

6.45    By using an improper and unlawful medical lien to wrongly receive money from Plaintiff Melanie Smallwood, Defendants converted Plaintiff Smallwood's property.

**h.    Conspiracy**

6.46    Plaintiffs re-allege the paragraphs set forth above and below.

6.47    Upon information and belief, Defendants Hunter Donaldson, Ralph Wadsworth, Rebecca A. Rohlke, and MultiCare agreed and acted in concert, on or about January 2010, to fraudulently register Rebecca A. Rohlke as a Washington State notary alleging living in Pierce County when she was, upon information and belief, actually a resident of California and not properly qualified under RCW 42.44.020 to be a Washington State notary.

CLASS ACTION COMPLAINT FOR DAMAGES 28 of 32



PFAU COCHRAN
VERTETIS AMALA
A Professional Limited Liability Company

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799 Facsimile: (253) 627-0654

www.pcvalaw.com

6.48    Upon information and belief, Defendants Hunter Donaldson, Ralph Wadsworth, Rebecca A. Rohlke, and MultiCare agreed and acted in concert to create unlawful and improper medical liens, with Rebecca A. Rohlke improperly acting as a Washington State notary, against Plaintiffs property and/or right of recovery.

6.49    Upon information and belief, Defendants Hunter Donaldson, Ralph Waddsworth, Rebecca A. Rohlke, and MultiCare agreed and acted in concert to record in the county auditor's office these unlawful and improper medical liens against Plaintiffs' property and/or right of recovery for the purpose of depriving Plaintiffs of their property.

6.50    Defendants' Hunter Donaldson, Ralph Wadsworth, Rebecca A. Rohlke, and MultiCare agreed and acted in concert to encumber and/or deprive Plaintiffs of valuable property through the use of unlawful and improper medical liens.

6.51    Through its actions, Defendants' Hunter Donaldson, Ralph Wadsworth, Rebecca A. Rohlke, and MultiCare have successfully encumbered and/or deprived Plaintiffs of valuable property.

6.52    As a direct and proximate result of their agreed and concerted actions, Defendants' Hunter Donaldson, Ralph Wadsworth, Rebecca A. Rohlke, and MultiCare have damaged Plaintiffs and financially rewarded themselves by way of thousands of dollars obtained through the creation and recording of improper and unlawful medical liens.

6.53    Based on these actions, Defendants' Hunter Donaldson, Ralph Wadsworth, Rebecca A. Rohlke, and MultiCare and liable for civil conspiracy.

**i.   Unjust Enrichment**

6.54    Plaintiffs re-allege the paragraphs set forth above and below.

CLASS ACTION COMPLAINT FOR DAMAGES 29 of 32



911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799 Facsimile: (253) 627-0654

www.pcvalaw.com

6.55    Defendants Hunter Donaldson and MultiCare were conferred a benefit by Plaintiffs and proposed class members who paid Defendants money based upon invalid and illegal medical liens.

6.56    Defendants appreciated and/or had knowledge of the benefit conferred by Plaintiffs when Defendants accepted monies premised upon the existence of invalid and illegal liens.

6.57    The acceptance and/or retention by Defendant of the benefit premised by Defendants illegal and invalid liens makes it inequitable for Defendants to wrongfully retain the benefit conferred by Plaintiffs.

## VII.    PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request a judgment against Defendants Hunter Donaldson, Rebecca A. Rohlke, Ralph Wadsworth, and MultiCare:

1.    Class Certification.  A finding that this action should proceed as a class action under CR 23.

2.    Declaratory Relief.  A judicial declaration that Hunter Donaldson's collection and lien enforcement practice on behalf of MultiCare violates Washington law, and that all liens recorded by Defendants which violate Washington law be declared null and void.

3.    Injunctive Relief.  A judicial order enjoining Hunter Donaldson's collection and lien enforcement practice on behalf of MultiCare which violates Washington law, as well as a judicial order enjoining Defendants from re-filing or re-recording existing liens which violate Washington law and under RCW 60.44.020, are based upon injuries or care where



PFAU COCHRAN
VERTETIS AMALA
A Professional Limited Liability Company

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654

www.pcvalaw.com

CLASS ACTION COMPLAINT FOR DAMAGES 30 of 32

twenty-days have passed or settlement has already been accomplished and payment has been made to the injured person.

4.      Equitable Relief.   Equitable relief in the form of restitution and/or disgorgement of all money received by Hunter Donaldson and MultiCare as a result of the unlawful conduct alleged herein.

5.      Damages.   Damages in the amount to be proven at trial including but not limited to all monies improperly taken as a result of Hunter Donaldson and MultiCare's lien collection practices, including consideration of attorneys' fees and costs not properly deducted from their claims.

6.      Exemplary Damages.   Damages and such other relief, such as treble damages up to $25,000 per claimant under RCW 19.86.090.

7.      Punitive Damages against Hunter Donaldson, Rebecca A. Rohlke, and Ralph Wadsworth.   For punitive damages against California defendants Hunter Donaldson, Rohlke and Wadsworth as allowed by California law.

8.      Fees and Cost.   The costs of bringing this suit, including but not limited to reasonable attorneys' fees and costs under RCW 19.86.090 and RCW 19.16.440.

9.      For such other relief that the Court deems just and proper.

//

//

//

//

CLASS ACTION COMPLAINT FOR DAMAGES 31 of 32



PFAU COCHRAN
VERTETIS AMALA
A Professional Limited Liability Company

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799 Facsimile: (253) 627-0654

www.pcvalaw.com

1    DATED this 30th day of April, 2013.

2                                        PFAU COCHRAN VERTETIS AMALA, PLLC

3

4                                        By: _____

5                                             Darrell L. Cochran, WSBA No. 22851
                                              darrell@pcvalaw.com
6                                             Loren A. Cochran, WSBA No. 32773
                                              loren@pcvalaw.com
7                                             Kevin M. Hastings, WSBA No. 42316
                                              kevin@pcvalaw.com
8                                             Attorneys for Plaintiffs

9
                                         THE LAW OFFICES OF WATSON
10                                       & GALLAGHER, P.S.

11

12                                       By: /s/Thomas F. Gallagher
                                              _____
                                              Thomas F. Gallagher, WSBA No. 24199
13                                            tom@wglaw.comcastbiz.net
                                              Attorney for Plaintiffs
14

15

16

17   4839-9900-9555, v. 1

18

19

20

21

22

23

24

25

26
                                              PFAU COCHRAN
                                              VERTETIS AMALA
                                              A Professional Limited Liability Company

     CLASS ACTION COMPLAINT FOR DAMAGES 32 of      911 Pacific Avenue, Suite 200
     32                                                  Tacoma, WA 98402
                                              Phone: (253) 777-0799  Facsimile: (253) 627-0654

                                                      www.pcvalaw.com

# EXHIBIT 1

**WASHINGTON STATE DEPARTMENT OF**
## LICENSING

NOTARY PUBLIC SECTION
P.O. BOX 9048
OLYMPIA, WA 98507-9048
(360) 664-1550
dol.wa.gov

## Notary Public Appointment
## Or Reappointment Application

FOR VALIDATION ONLY

3121 000 070 012110 30.00

001-000-256-0001

**FEE: $30.00**
**A $10,000 surety bond must be**
**provided. Please send a copy.**

Make remittance payable to State Treasurer.
Send your application, bond, and fee to:
        Department of Licensing
        PO Box 9048
        Olympia, WA 98507-9048

## Applicant Information          *Please type or print clearly in dark ink*

| | |
|---|---|
| **Your name will appear on your notary certificate and seal or stamp, and you must sign all notarial acts as:** | |

Name _____ *Rebecca* _____ *A.* _____ *Rohlke* _____    Gender ☐ M  ☑ F
            First name or initial    Middle name or initial (required)    Last name

Social Security No. _____ Date of birth _*01201983*_ Daytime telephone ( *562* ) *477-9863*
                                                    MM DD YYYY

Address _*3011 Wollochet Drive NW*_                    *Gig Harbor*          *WA*  *98335*
            P.O. Box or street                                City                    State    Zip code

Have you ever been a notary public in the state of Washington?  ☐ Yes  ☑ No

If yes, under what name(s)? _____

## Endorsements of the applicant by 3 residents of Washington State

I, _*JASON L. Adams*_ _____, being a person eligible to vote in the state of
            Printed name of endorser no.1
Washington, believe the applicant for a notary appointment, _*Rebecca Rohlke*_
                                                                        Printed name of applicant
who is not related to me, to be a person of integrity and good moral character and capable of performing notarial acts.

            _____    *1/12/10*
                    Signature of endorser no. 1                    Date signed
Address _*310 Judson St PMB 18*_   *Gig Harbor*    *WA*   *98335*
            P. O. Box or street                        City                State    Zip code

I, _*Koleen Kelley*_ _____, being a person eligible to vote in the state of
            Printed name of endorser no.2
Washington, believe the applicant for a notary appointment, _*Rebecca Rohlke*_
                                                                        Printed name of applicant
who is not related to me, to be a person of integrity and good moral character and capable of performing notarial acts.

            _____    *1/12/10*
                    Signature of endorser no. 2                    Date signed
Address _*1012 N. Cheyenne ST., Tacoma, WA 98406*_
            P. O. Box or street                        City                State    Zip code

I, _*Susan George*_ _____, being a person eligible to vote in the state of
            Printed name of endorser no.3
Washington, believe the applicant for a notary appointment, _*REBECCA ROHLKE*_
                                                                        Printed name of applicant
who is not related to me, to be a person of integrity and good moral character and capable of performing notarial acts.

            _____    *1/13/10*
                    Signature of endorser no. 3                    Date signed
Address _*2591 SW Winterbrook RD*_    *PT ORCHARD*    *WA*   *98367*
            P. O. Box or street                        City                State    Zip code

NP-659-007 (R/1/07)W PAGE 2 OF 4

## Applicant Personal Data

1. Have you been convicted of a crime, misdemeanor or felony in this state, any other state, by the federal government, or any other jurisdiction within the past ten years, other than a traffic infraction?  ☐ Yes  ☑ No

2. Is there a criminal complaint, accusation, or information presently pending against you or are you currently under indictment in this state, any other state, by the federal government, or any other jurisdiction?  ☐ Yes  ☑ No

3. Has any professional or occupational license, certification, or permit held by you, been fined, suspended, revoked, refused or denied in this state, any other state, by the federal government or any other jurisdiction?  ☐ Yes  ☑ No

4. Have you ever had a civil court order, verdict, or judgment entered against you in any court of competent jurisdiction in this state, any other state, by the federal government, or any other jurisdiction?  ☐ Yes  ☑ No

**Please explain all "Yes" answers in the space below. You may attach additional sheets, if necessary.**

## Explanation for all Personal Data section affirmative answers

Charge(s):

Date(s) of coviction(s):

Civil judgment(s) or order(s):

Disposition of charge(s):

Additional information:

NP-859-007 (RV1.07)W PAGE 3 OF 4

NOTICE OF REMOVAL -- 00071

JAN-26-2010  12:05   FROM-MULTICARE HEALTH SYSTEM        2834597683        T-141   P.001/002   F-846

## Instructions for Completing the Declaration of Applicant

**Important – the steps below must be completed properly and in the presence of both the Notary Public and you.**

1. You must appear before a Notary Public and be properly identified.
2. The Notary Public must place you under oath.
3. You must
   * swear to or affirm the Declaration to the Notary
   * print your name on the Declaration
   * sign the Declaration in the presence of the Notary, using your name exactly as stated in the "Applicant Information" section
   * date the Declaration at the same time you sign it
4. The Notary Public must
   * affix his or her stamp or seal in the appropriate place
   * date the notary certificate
   * sign his or her name exactly as it is on the stamp or seal
   * print his or her name under the signature
   * fill in the county and expiration date

## Declaration of Applicant

I, _Rebecca A. Rohlke_ , solemnly swear or affirm under penalty of
perjury that the personal information I have provided in this application is true, complete, and correct; that I have
carefully read the materials provided describing the duties of a notary public in and for the state of Washington; and,
that I will perform to the best of my ability, all notarial acts in accordance with the law. I have carefully read the questions
in the foregoing application and have answered them completely, and pursuant to RCW 9A.72.085, I declare under
penalty of perjury under the law of the state of Washington that my answers and all statements made by me herein are
true and correct. Should I furnish any false information in this application, I hereby agree that such act shall constitute
cause for the denial, suspension or revocation of my appointment as a notary public in the state of Washington.

State of Washington                          X _Rebecca A. Rohlke_          _1·26·2010_
County of _Pierce_                              Sign exactly as in "Applicant Information" section          Date

Signed and sworn to before me on this _26th_ day of _January_ , _2010_

[Notary seal: MELISSA A BLACKBURN / Commission Expires / NOTARY / PUBLIC / DECEMBER 20, 2011 / STATE OF WASHINGTON]

X _Melissa A. Blackburn_
   Signature of Notary Public

_MELISSA   A.   BLACKBURN_
   Printed name of Notary Public

_Dec. 20, 2011_
   Expiration date of Notary Public appointment

Stamp/seal in space above

**Once filed, this application is a public record and is subject to public disclosure. RCW 42.56**

NP-654-007 (Rv1/07)W PAGE 4 OF 4



# MERCHANTS
## BONDING COMPANY

2100 FLEUR DRIVE • DES MOINES, IOWA 50321-1158
(877) 349-6588 • (877) 349-6590 FAX

## NOTARY PUBLIC BOND

Bond No.   WA 17142

**KNOW ALL MEN BY THESE PRESENTS:**

That we, _____ REBECCA A. ROHLKE _____
of the City of _____ La Habra _____ County of _____ Pierce _____
State of Washington, as Principal, and MERCHANTS BONDING COMPANY (MUTUAL), a corporation duly licensed to do business in the State of Washington, as Surety, are held and firmly bound unto the State of Washington in the penal sum of TEN THOUSAND DOLLARS ($10,000.00) DOLLARS, lawful money of the United States, for the payment of which well and truly to be made, we bind ourselves, our heirs, executors and administrators, successors and assigns, jointly and severally, firmly by these presents.

THE CONDITION OF THE ABOVE OBLIGATION IS SUCH, That if the said Principal, who has made application to the Governor of the State of Washington for appointment as a Notary Public in and for the State of Washington, for the term ending _____ January 22 _____ , 20 14 , under and by virtue of an act of the Legislature of the State of Washington approved December 21, 1889, shall when appointed, faithfully discharge all duties of said office now required of him by law and all additional duties which may be required by laws enacted subsequent to the execution hereof, then this obligation shall be void, otherwise to be and remain in full force and effect.

Signed and dated this _____ 8th _____ day of _____ January _____ , 20 10 .

Applicant's Birth Date: _____ 01/20/1983 _____

Principal   REBECCA A. ROHLKE
_____

3011 Wollochet Dr NW
Gig Harbor, WA  98335
Address

MERCHANTS BONDING COMPANY (MUTUAL)

By: _Larry Taylor_
_____
Larry Taylor, President

NEO 0744-0002 WA (1/09)

## Recording Requested By
First American Title Company

RECORDING REQUESTED BY:
Select Escrow, Inc.

AND WHEN RECORDED MAIL TO:

Carl R. Rohlke, Jr.
1006 North Cornell Avenue
Fullerton, CA 92831

Order No. 3785071
Escrow No. C7925-SMS
Parcel No. 029-462-12

TNA 03-014

Recorded in Official Records, Orange County
Tom Daly, Clerk-Recorder

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖    9.00

**2011000402255** 08:00am 08/16/11

37 402 G02 2 06

290.95 290.95 0.00 0.00 3.00 0.00 0.00 0.00

*Recording Requested By: DPS*
*On Behalf Of: "DPS"*

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## GRANT DEED

THE UNDERSIGNED GRANTOR DECLARES THAT DOCUMENTARY TRANSFER TAX IS $581.90 and CITY $

☒ computed on full value of property conveyed, or
☐ computed on full value less liens or encumbrances remaining at the time of sale.
☐ unincorporated area:          x    Fullerton, and

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,
**John A. Milan and Judith D. Milan Trustees of the Milan Family Trust dated December 19, 2005**

hereby **GRANTS** to Carl Richard Rohlke, Jr. and Rebecca A. Rohlke, Husband and Wife as Community Property with the Rights of Survivorship
the following described real property in the County of Orange, State of California:

Lot 99 of Tract 2281, in the City of Fullerton, County of Orange, State of California, as per map recorded in Book 67, Pages 37 and 38, Miscellaneous Maps in the office of the County Recorder of said County.

Date     June 29, 2011

Milan Family Trust dated December 19, 2005

By: John A. Milan, Trustee          By: Judith D. Milan, Trustee

STATE OF CALIFORNIA                         }
                                            }S.S.
COUNTY OF ORANGE                            }

On 1st July 2011, before me, YOUNG WAN CHOI Notary Public
personally appeared **John A. Milan and Judith D. Milan** who proved to me on the basis of satisfactory evidence to
be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they
executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument
the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is
true and correct.

WITNESS my hand and official seal.

Signature _____     (Seal)

YOUNG WAN CHOI
COMM. #1840030
NOTARY PUBLIC • CALIFORNIA
ORANGE COUNTY
Comm. Expires April 8, 2013

Mail Tax Statement to: SAME AS ABOVE or Address Noted Below

Document Number: 2011000402255 Page: 1 of 2

## GOVERNMENT CODE 27361.7

I certify under penalty that the Notary Seal on the document to which this statement is attached reads as follows:

NAME OF NOTARY: _YOUNG WAN CHOI_

    DATE COMMISSION EXPIRES: _APRIL 8, 2013_

        COUNTY WHERE BOND IS FILED: _ORANGE_

COMMISSION NUMBER: _1840030_   VENDOR NUMBER : _IM01_

I certify under penalty of perjury and the laws of the State of California that the illegible portion of this document to which this statement is attached reads as follows:

_____

_____

_____

_____

_____

_____

_____

On _____ before me, _____ personally appeared _____ who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that they executed the same in their authorized capacity(ies), and that by their signature(s) on the instrument the person, or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY and the laws of the State of California that the foregoing paragraph is true and correct.

    PLACE OF EXECUTION: _____ BREA

SIGNATURE: _____   DATE: _8 / 15 /_ 2011.

Document Number: 2011000402255 Page: 2 of 2

**Recording Requested By**
First American Title Company

Recording Requested By: DPS
On Behalf Of " DPS "

Recording Requested By:
GOLDEN EMPIRE MORTGAGE INC.

And After Recording Return To:

SECURITY CONNECTIONS, INC.
ATTN: GOLDEN EMPIRE FINAL
DOCUMENTS
240 TECHNOLOGY DRIVE
IDAHO FALLS, IDAHO 83401
Loan Number: 1051100085
Case Number: 44-44-6-3569575

3785071-04

Recorded in Official Records, Orange County
Tom Daly, Clerk-Recorder

57.00
2011000402256 08:00am 08/16/11
37 402 D11 17
0.00 0.00 0.00 0.00 49.00 0.00 0.00 0.00

—————— [Space Above This Line For Recording Data] ——————

## DEED OF TRUST

# THIS LOAN IS NOT ASSUMABLE WITHOUT THE APPROVAL OF THE DEPARTMENT OF VETERANS AFFAIRS OR ITS AUTHORIZED AGENT.

**MIN:** 100055511060661640

**DEFINITIONS**

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 10, 12, 17, 19 and 20.  Certain rules regarding the usage of words used in this document are also provided in Section 15.

**(A)  "Security Instrument"** means this document, which is dated  AUGUST 1, 2011                                , together
with all Riders to this document.
**(B)  "Borrower"** is  CARL RICHARD ROHLKE JR. AND REBECCA A ROHLKE
HUSBAND AND WIFE AS COMMUNITY PROPERTY WITH RIGHTS OF
SURVIVORSHIP

Borrower is the trustor under this Security Instrument.
**(C)  "Lender"** is   GOLDEN EMPIRE MORTGAGE INC.

Lender is a  CALIFORNIA CORPORATION                                                organized
and existing under the laws of   CALIFORNIA
Lender's address is  1200 DISCOVERY DRIVE, SUITE 300, BAKERSFIELD,
CALIFORNIA 93309

CALIFORNIA-Single Family-UNIFORM INSTRUMENT
MODIFIED FOR DEPARTMENT OF VETERANS AFFAIRS - MERS
(Rev. 1/01)                                          Page 1 of 14                    *DocMagic ePrint*
www.docmagic.com

NOTICE OF REMOVAL -- 00076

**(D) "Trustee"** is   FIRST AMERICAN TITLE COMPANY, A CALIFORNIA CORPORATION
9201 CAMINO MEDIA, SUITE 100, BAKERSFIELD, CALIFORNIA 93311

**(E) "MERS"** is  Mortgage Electronic Registration Systems, Inc.  MERS is a separate corporation that is acting
solely as a nominee for Lender and Lender's successors and assigns. **MERS is the beneficiary under this Security
Instrument.** MERS is organized and existing under the laws of Delaware, and has an address and telephone number
of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.
**(F) "Note"** means the promissory note signed by Borrower and dated  AUGUST 1, 2011
The Note states that Borrower owes Lender   FIVE HUNDRED FORTY THOUSAND THREE
HUNDRED SEVENTY-THREE AND 00/100     Dollars (U.S. $ 540,373.00         )
plus interest.  Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not
later than   SEPTEMBER 1, 2041    .
**(G) "Property"** means the property that is described below under the heading "Transfer of Rights in the Property."
**(H) "Loan"** means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under
the Note, and all sums due under this Security Instrument, plus interest.
**(I) "Riders"** means all Riders to this Security Instrument that are executed by Borrower.  The following Riders are
to be executed by Borrower [check box as applicable]:

| | |
|---|---|
| ☐ Adjustable Rate Rider | ☐ Planned Unit Development Rider |
| ☐ Balloon Rider | ☐ Biweekly Payment Rider |
| ☐ 1-4 Family Rider | ☐ Second Home Rider |
| ☐ Condominium Rider | ☒ Other(s) [specify] |
| | VA ASSUMPTION POLICY RIDER |

**(J) "Applicable Law"** means all controlling applicable federal, state and local statutes, regulations, ordinances and
administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial
opinions.
**(K) "Community Association Dues, Fees, and Assessments"** means all dues, fees, assessments and other charges
that are imposed on Borrower or the Property by a condominium association, homeowners association or similar
organization.
**(L) "Electronic Funds Transfer"** means any transfer of funds, other than a transaction originated by check, draft,
or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer, or
magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account.  Such term
includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, transfers initiated by
telephone, wire transfers, and automated clearinghouse transfers.
**(M) "Escrow Items"** means those items that are described in Section 3.
**(N) "Miscellaneous Proceeds"** means any compensation, settlement, award of damages, or proceeds paid by any
third party (other than insurance proceeds paid under the coverages described in Section 5) for:  (i) damage to, or
destruction of, the Property; (ii) condemnation or other taking of all or any part of the Property; (iii) conveyance in
lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property.
**(O) "Periodic Payment"** means the regularly scheduled amount due for (i) principal and interest under the Note,
plus (ii) any amounts under Section 3 of this Security Instrument.
**(P) "RESPA"** means the Real Estate Settlement Procedures Act (12 U.S.C. §2601 et seq.) and its implementing
regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to time, or any additional or
successor legislation or regulation that governs the same subject matter.  As used in this Security Instrument,
"RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan"
even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.

CALIFORNIA--Single Family--UNIFORM INSTRUMENT
MODIFIED FOR DEPARTMENT OF VETERANS AFFAIRS - MERS
(Rev. 1/01)                                    Page 2 of 14

DocMagic *eⱮamⱮ*
www.docmagic.com

**(Q)** **"Successor in Interest of Borrower"** means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

## TRANSFER OF RIGHTS IN THE PROPERTY

The beneficiary of this Security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS. This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in the

| COUNTY | of | ORANGE | : |
| [Type of Recording Jurisdiction] | | [Name of Recording Jurisdiction] | |

LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF.
A.P.N.: 029-462-12

AS EXHIBIT "A"

which currently has the address of

| | 1006 NORTH CORNELL AVENUE | |
| | [Street] | |
| FULLERTON | , California | 92831 | ("Property Address"): |
| [City] | | [Zip Code] | |

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

**UNIFORM COVENANTS.** Borrower and Lender covenant and agree as follows:
   1.   **Payment of Principal, Interest, Escrow Items, Prepayment Charges, and Late Charges.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and any prepayment charges and late charges due under the Note. Borrower shall also pay funds for Escrow Items pursuant to Section 3. Payments due

Document Number: 2011000402256 Page: 3 of 17

NOTICE OF REMOVAL -- 00078

## NOTICE TO BORROWER

Department of Veterans Affairs regulations at 38 C.F.R. 36.4334 provide as follows:

"Regulations issued under 38 U.S.C. Chapter 37 and in effect on the date of any loan which is submitted and accepted or approved for a guaranty or for insurance thereunder, shall govern the rights, duties, and liabilities of the parties to such loan and any provisions of the loan instruments inconsistent with such regulations are hereby amended and supplemented to conform thereto."

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

The undersigned Borrower requests that a copy of any Notice of Default and any Notice of Sale under this Security Instrument be mailed to Borrower at the address set forth above.

_____ (Seal)
CARL RICHARD ROHLKE JR.    -Borrower

_____ (Seal)
REBECCA A ROHLKE           -Borrower

_____ (Seal)
                           -Borrower

_____ (Seal)
                           -Borrower

_____ (Seal)
                           -Borrower

_____ (Seal)
                           -Borrower

Witness:

_____

Witness:

_____

CALIFORNIA-Single Family-UNIFORM INSTRUMENT
MODIFIED FOR DEPARTMENT OF VETERANS AFFAIRS - MERS
(Rev. 1/01)                         Page 13 of 14

*DocMagic* *eForms*
www.docmagic.com

NOTICE OF REMOVAL -- 00079

———————————— [Space Below This Line For Acknowledgment] ————————————

State of California                                    )
                                                       ) ss.
County of   Riverside ~~ORANGE~~ ss                    )

On  August 8, 2011  before me,  *Sarah M Solano, notary Public*

personally appeared   CARL RICHARD ROHLKE JR. AND REBECCA A ROHLKE

_____

_____ ,

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

```
┌─────────────────────────────┐
│  SARAH M. SOLANO            │
│  Commission # 1771982       │
│  Notary Public - California │
│  Riverside County           │
│  My Comm. Expires Oct 30, 2011 │
└─────────────────────────────┘
```

NOTARY SEAL

*[signature]*

NOTARY SIGNATURE

*Sarah M. Solano*

(Typed Name of Notary)

CALIFORNIA-Single Family-UNIFORM INSTRUMENT
MODIFIED FOR DEPARTMENT OF VETERANS AFFAIRS - MERS
(Rev. 1/01)                    Page 14 of 14

DocMagic *eForms*
www.docmagic.com

Document Number: 2011000402256 Page: 14 of 17

NOTICE OF REMOVAL -- 00080

**(a) ASSUMPTION FUNDING FEE:** A fee equal to one-half of 1 percent (.50%) of the unpaid principal balance of this loan as of the date of transfer of the property shall be payable at the time of transfer to the mortgagee or its authorized agent, as trustee for the Secretary of Veterans Affairs. If the assumer fails to pay this fee at the time of transfer, the fee shall constitute an additional debt to that already secured by this instrument, shall bear interest at the rate herein provided, and, at the option of the mortgagee of the indebtedness hereby secured or any transferee thereof, shall be immediately due and payable. This fee is automatically waived if the assumer is exempt under the provisions of 38 U.S.C. 3729 (b).

**(b) ASSUMPTION PROCESSING CHARGE:** Upon application for approval to allow assumptions and transfer of this loan, a processing fee may be charged by the mortgagee or its authorized agent for determining the creditworthiness of the assumer and subsequently revising the holder's ownership records when an approved transfer is completed. The amount of this charge shall not exceed the maximum established by the Department of Veterans Affairs for a loan to which section 3714 of Chapter 37, Title 38, United States Code applies.

**(c) ASSUMPTION INDEMNITY LIABILITY:** If this obligation is assumed, then the assumer hereby agrees to assume all of the obligations of the veteran under the terms of the instruments creating and securing the loan, including the obligation of the veteran to indemnify the Department of Veterans Affairs to the extent of any claim payment arising from the guaranty or insurance of the indebtedness created by this instrument.

IN WITNESS WHEREOF, Mortgagor(s) has executed this Assumption Policy Rider.

_____ (Seal)
CARL RICHARD ROHLKE        Mortgagor
JR.

_____ (Seal)
REBECCA A ROHLKE          Mortgagor

_____ (Seal)
                         Mortgagor

_____ (Seal)
                         Mortgagor

_____ (Seal)
                         Mortgagor

_____ (Seal)
                         Mortgagor

VA ASSUMPTION POLICY RIDER
VAPR.RDR 01/22/09              Page 2 of 2              DocMagic EForms
                                                       www.docmagic.com

Document Number: 2011000402256 Page: 16 of 17

EXHIBIT "A"

**LEGAL DESCRIPTION**

Real property in the City of Fullerton, County of Orange, State of California, described as follows:

LOT 99 OF TRACT 2281, IN THE CITY OF FULLERTON, COUNTY OF ORANGE, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 67, PAGE(S) 37 AND 38, MISCELLANEOUS MAPS IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

APN: 029-462-12

Document Number: 2011000402256 Page: 17 of 17

# EXHIBIT 2



```
2011104220073        1    PG
04/22/2011  09:21:01 AM  $62.00
PIERCE COUNTY, WASHINGTON
```

RETURN ADDRESS:
HUNTER DONALDSON, LLC
100 EAST LA HABRA BOULEVARD
LA HABRA, CA 90631

STATE OF WASHINGTON      )
                         )ss.
COUNTY OF PIERCE        )

### NOTICE OF CLAIM—MEDICAL SERVICES LIEN

| | | | |
|---|---|---|---|
| Claimant: | MultiCare Health System | Patient: | Velma Walker |
| Tortfeasor: | Unknown | Tortfeasor's Insurer: | Unknown |

NOTICE IS HEREBY GIVEN of the following:

Claimant provided medical care, items and/or services to Patient, which were necessary because of injuries allegedly caused by the Tortfeasor. Claimant claims a lien for reasonable value of the medical care, items and/or services provided to Patient. Name and address of the claimant: ("Claimant"), a health care organization:

     PO Box 5299; M/S: 737-3-REV, Tacoma, WA 98415

Name and address of the person receiving care ("Patient"):

     Velma Walker, Po Box 97203, Lakewood, WA 98497-0203

Name and address of person or entity that allegedly caused the injury ("Tortfeasor") to Patient: Unknown

Date injury to Patient occurred: 1/13/2011

Location where injury to Patient occurred: Unknown

Nature of injury to Patient: Injuries from an accident.

Name and address of insurer for Tortfeasor: Unknown,

I declare under penalty of perjury that the foregoing is true

STATE OF WASHINGTON      )
                         )ss.
COUNTY OF PIERCE        )

By: Ralph Wadsworth
HUNTER DONALDSON, LLC, as agent for Claimant

Subscribed and sworn to (or affirmed) before me on this 19 day of April, 2011, by Ralph Wadsworth, proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

NOTARY PUBLIC in and for the State of Washington.
My commission expires January 22, 2014

# EXHIBIT 3

```
201204130420  JVERONE              1 PG
04/13/2012  12:17:43      $62.00
AUDITOR, Pierce County, WASHINGTON
```

RETURN ADDRESS:
HUNTER DONALDSON, LLC
100 EAST LA HABRA BOULEVARD
LA HABRA, CA 90631

STATE OF WASHINGTON          )
                             )ss.
COUNTY OF PIERCE             )

### NOTICE OF CLAIM—MEDICAL SERVICES LIEN

Claimant:   **MultiCare Health System**      Patient:          **Velma Walker**

Tortfeasor: **Unknown**                       Tortfeasor's Insurer:   **Unknown**

NOTICE IS HEREBY GIVEN of the following:

Claimant provided medical care, items and/or services to Patient, which were necessary because of injuries allegedly caused by the Tortfeasor. Claimant claims a lien for reasonable value of the medical care, items and/or services provided to Patient. Name and address of the claimant: ("Claimant"), a health care organization:

   **PO Box 5299; M/S: 737-3-REV, Tacoma, WA 98415**

Name and address of the person receiving care ("Patient"):

   **Velma Walker, Po Box 97203, Lakewood, WA 98497-0203**

Name and address of person or entity that allegedly caused the injury ("Tortfeasor") to Patient: Unknown

Date injury to Patient occurred: **1/12/2011**

Location where injury to Patient occurred: **Unknown**

Nature of injury to Patient: **Injuries from an accident.**

Name and address of insurer for Tortfeasor: **Unknown,**

I declare under penalty of perjury that the foregoing is true.

By: Ralph Wadsworth
HUNTER DONALDSON, LLC, as agent for Claimant

STATE OF WASHINGTON          )
                             )ss.
COUNTY OF PIERCE             )

Subscribed and sworn to (or affirmed) before me on this 11 day of **April, 2012**, by **Ralph Wadsworth**, proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

NOTARY PUBLIC in and for the State of Washington.
My commission expires January 22, 2014

REBECCA A ROHLKE
NOTARY PUBLIC
STATE OF WASHINGTON
My Comm. Expires Jan. 22, 2014

NOTICE OF REMOVAL -- 00086

# EXHIBIT 4

NOTICE OF REMOVAL -- 00087

```
201008060520       1   PG
08/06/2010  03:55:09 PM    $62.00
PIERCE COUNTY, WASHINGTON
```

RETURN ADDRESS:
HUNTER DONALDSON, LLC
100 EAST LA HABRA BOULEVARD
LA HABRA, CA 90631

STATE OF WASHINGTON          )
                             )ss.
COUNTY OF PIERCE             )

### NOTICE OF CLAIM—MEDICAL SERVICES LIEN

Claimant:    **MultiCare Health System**      Patient:      **James Stutz**

Tortfeasor:  **Unknown**                      Tortfeasor's Insurer:   **Unknown**

NOTICE IS HEREBY GIVEN of the following:

Claimant provided medical care, items and/or services to Patient, which were necessary because of injuries allegedly caused by the Tortfeasor. Claimant claims a lien for reasonable value of the medical care, items and/or services provided to Patient. Name and address of the claimant: ("Claimant"), a health care organization:

   **PO Box 5299; M/S: 737-3-REV, Tacoma, WA 98415**

Name and address of the person receiving care ("Patient"):

   **James Stutz, 622 108th St S, Tacoma, WA 98444**

Name and address of person or entity that allegedly caused the injury ("Tortfeasor") to Patient: Unknown

Date injury to Patient occurred: **7/13/2010**

Location where injury to Patient occurred: **Unknown**

Nature of injury to Patient: **Injuries from a motor vehicle accident.**

Name and address of insurer for Tortfeasor: **Unknown,**

I declare under penalty of perjury that the foregoing is true.

By: Ralph Wadsworth
HUNTER DONALDSON, LLC, as agent for Claimant

STATE OF WASHINGTON          )
                             )ss.
COUNTY OF PIERCE             )

Subscribed and sworn to (or affirmed) before me on this 3 day of **August, 2010**, by **Ralph Wadsworth**, proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

NOTARY PUBLIC in and for the State of Washington.
My commission expires January 22, 2014

NOTICE OF REMOVAL -- 00088

# EXHIBIT 5

NOTICE OF REMOVAL -- 00089

```
||||||||||||||||||||||||||||||||||
201108050106          1  PG
08/05/2011  10:27:46 AM    $62.00
PIERCE COUNTY, WASHINGTON
```

RETURN ADDRESS:
HUNTER DONALDSON, LLC
100 EAST LA HABRA BOULEVARD
LA HABRA, CA 90631

STATE OF WASHINGTON        )
                           )ss.
COUNTY OF PIERCE           )

## NOTICE OF CLAIM—MEDICAL SERVICES LIEN

Claimant:   **MultiCare Health System**    Patient:            **James Stutz**

Tortfeasor:   **Unknown**          Tortfeasor's Insurer:   **Unknown**

NOTICE IS HEREBY GIVEN of the following:

Claimant provided medical care, items and/or services to Patient, which were necessary because of injuries allegedly caused by the Tortfeasor. Claimant claims a lien for reasonable value of the medical care, items and/or services provided to Patient. Name and address of the claimant: ("Claimant"), a health care organization:

   **PO Box 5299; M/S: 737-3-REV, Tacoma, WA 98415**

Name and address of the person receiving care ("Patient"):

   **James Stutz, 622 108th St S, Tacoma, WA 98444**

Name and address of person or entity that allegedly caused the injury ("Tortfeasor") to Patient: Unknown

Date injury to Patient occurred: **7/13/2010**

Location where injury to Patient occurred: **Unknown**

Nature of injury to Patient: **Injuries from an accident.**

Name and address of insurer for Tortfeasor: **Unknown,**

I declare under penalty of perjury that the foregoing is true

By: Ralph Wadsworth
HUNTER DONALDSON, LLC, as agent for Claimant

STATE OF WASHINGTON        )
                           )ss.
COUNTY OF PIERCE           )

Subscribed and sworn to (or affirmed) before me on this 4 day of **August, 2011**, by **Ralph Wadsworth**, proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

NOTARY PUBLIC in and for the State of Washington.
My commission expires January 22, 2014

NOTICE OF REMOVAL -- 00090

# EXHIBIT 6

RETURN ADDRESS:
HUNTER DONALDSON, LLC
100 EAST LA HABRA BOULEVARD
LA HABRA, CA 90631

```
201205140260 REC002    PG
201205140260 RECDEED
05/14/2012 11:26:26 PM    $62.00
AUDITOR, Pierce County, WASHINGTON
```

STATE OF WASHINGTON        )
                           )ss.
COUNTY OF PIERCE           )

## NOTICE OF CLAIM—MEDICAL SERVICES LIEN

Claimant:   **MultiCare Health System**    Patient:   **James Stetz**

Tortfeasor:   **Unknown**    Tortfeasor's Insurer:   **Unknown**

NOTICE IS HEREBY GIVEN of the following:

Claimant provided medical care, items and/or services to Patient, which were necessary because of injuries allegedly caused by the Tortfeasor. Claimant claims a lien for reasonable value of the medical care, items and/or services provided to Patient. Name and address of the claimant, ("Claimant"), a health care organization.

**PO Box 5299; MS: 717-3-REV, Tacoma, WA 98415**

Name and address of the person receiving care ("Patient")

**James Stetz, 622 108th St S, Tacoma, WA 98444**

Name and address of person or entity that allegedly caused the injury ("Tortfeasor") to Patient: Unknown

Date Injury to Patient occurred: 7/13/2010

Location where injury to Patient occurred: Unknown

Nature of injury to Patient: Injuries from an accident.

Name and address of insurer for Tortfeasor: Unknown.

I declare under penalty of perjury that the foregoing is true.

_(signature)_

By: Ralph Wadsworth
HUNTER DONALDSON, LLC, as agent for Claimant

STATE OF WASHINGTON        )
                           )ss.
COUNTY OF PIERCE           )

Subscribed and sworn to (or affirmed) before me on this 26 day of **April, 2012**, by **Ralph Wadsworth**, proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

_(signature)_

NOTARY PUBLIC in and for the State of Washington.
My commission expires January 22, 2014

# EXHIBIT 7

201105060090                   1   PG
05/06/2011  09:41:01 AM     $62.00
PIERCE COUNTY, WASHINGTON

RETURN ADDRESS:
HUNTER DONALDSON, LLC
100 EAST LA HABRA BOULEVARD
LA HABRA, CA 90631

STATE OF WASHINGTON          )
                             )ss.
COUNTY OF PIERCE             )

### NOTICE OF CLAIM—MEDICAL SERVICES LIEN

Claimant:   **MultiCare Health System**          Patient:   **Karl Walthall**

Tortfeasor:  **Mutual Of Enumclaw Insured**   Tortfeasor's Insurer:   **Mutual Of Enumclaw**

NOTICE IS HEREBY GIVEN of the following:

Claimant provided medical care, items and/or services to Patient, which were necessary because of injuries allegedly caused by the Tortfeasor. Claimant claims a lien for reasonable value of the medical care, items and/or services provided to Patient. Name and address of the claimant. ("Claimant"), a health care organization:

   **PO Box 5299; M/S: 737-3-REV, Tacoma, WA 98415**

Name and address of the person receiving care ("Patient"):

   **Karl Walthall, Po Box 4238, Spanaway, WA 98387**

Name and address of person or entity that allegedly caused the injury ("Tortfeasor") to Patient: **Unknown**

Date injury to Patient occurred: **8/14/2010**

Location where injury to Patient occurred: **Unknown**

Nature of injury to Patient: **Injuries from an accident.**

Name and address of insurer for Tortfeasor: **Mutual Of Enumclaw, 1500 Valley River Dr., Suite 230 Eugene, OR 97401**

I declare under penalty of perjury that the foregoing is true

By: Ralph Wadsworth
HUNTER DONALDSON, LLC, as agent for Claimant

STATE OF WASHINGTON          )
                             )ss.
COUNTY OF PIERCE             )

Subscribed and sworn to (or affirmed) before me on this 3 day of **May, 2011**, by **Ralph Wadsworth**, proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

NOTARY PUBLIC in and for the State of Washington.
My commission expires January 22, 2014

NOTICE OF REMOVAL -- 00094

# EXHIBIT 8



201204270350 RCAROVA          1 PG
04/27/2012 12:23:21      $62.00
AUDITOR, Pierce County, WASHINGTON

RETURN ADDRESS:
HUNTER DONALDSON, LLC
100 EAST LA HABRA BOULEVARD
LA HABRA, CA 90631

STATE OF WASHINGTON        )
                           )ss.
COUNTY OF PIERCE           )

### NOTICE OF CLAIM—MEDICAL SERVICES LIEN

| | | | |
|---|---|---|---|
| Claimant: | **MultiCare Health System** | Patient: | **Karl Walthall** |
| Tortfeasor: | **Mutual Of Enumclaw Insured** | Tortfeasor's Insurer: | **Mutual Of Enumclaw** |

NOTICE IS HEREBY GIVEN of the following:

Claimant provided medical care, items and/or services to Patient, which were necessary because of injuries allegedly caused by the Tortfeasor. Claimant claims a lien for reasonable value of the medical care, items and/or services provided to Patient. Name and address of the claimant: ("Claimant"), a health care organization:

**PO Box 5299; M/S: 737-3-REV, Tacoma, WA 98415**

Name and address of the person receiving care ("Patient"):

**Karl Walthall, Po Box 4238, Spanaway, WA 98387**

Name and address of person or entity that allegedly caused the injury ("Tortfeasor") to Patient: **Unknown**

Date injury to Patient occurred: **8/14/2010**

Location where injury to Patient occurred: **Unknown**

Nature of injury to Patient: **Injuries from an accident.**

Name and address of insurer for Tortfeasor: **Mutual Of Enumclaw, 1460 Wells St Enumclaw, WA 98022**

I declare under penalty of perjury that the foregoing is true.

By: Ralph Wadsworth
HUNTER DONALDSON, LLC, as agent for Claimant

STATE OF WASHINGTON        )
                           )ss.
COUNTY OF PIERCE           )

Subscribed and sworn to (or affirmed) before me on this 24 day of **April, 2012**, by **Ralph Wadsworth**, proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

NOTARY PUBLIC in and for the State of Washington.
My commission expires January 22, 2014

NOTICE OF REMOVAL -- 00096

# EXHIBIT 9

```
201203230352  JVERONE           1 PG
03/23/2012  01:04:50 PM      $62.00
AUDITOR, Pierce County, WASHINGTON
```

RETURN ADDRESS:
HUNTER DONALDSON, LLC
100 EAST LA HABRA BOULEVARD
LA HABRA, CA 90631

STATE OF WASHINGTON        )
                           )ss.
COUNTY OF PIERCE           )

### NOTICE OF CLAIM—MEDICAL SERVICES LIEN

Claimant:   **MultiCare Health System**     Patient:     **Gina Ciehon**

Tortfeasor:   **The Hartford**          Tortfeasor's Insurer:   **The Hartford**

NOTICE IS HEREBY GIVEN of the following:

Claimant provided medical care, items and/or services to Patient, which were necessary because of injuries allegedly caused by the Tortfeasor. Claimant claims a lien for reasonable value of the medical care, items and/or services provided to Patient. Name and address of the claimant: ("Claimant"), a health care organization:

   **PO Box 5299; M/S: 737-3-REV, Tacoma, WA 98415**

Name and address of the person receiving care ("Patient"):

   **Gina Ciehon, 2002 30th St Ct Se, Puyallup, WA 98372**

Name and address of person or entity that allegedly caused the injury ("Tortfeasor") to Patient: Unknown

Date injury to Patient occurred: **2/4/2012**

Location where injury to Patient occurred: **Unknown**

Nature of injury to Patient: **Injuries from an accident.**

Name and address of insurer for Tortfeasor: **The Hartford, P.O. Box 14266 Lexington, KY 40512**

I declare under penalty of perjury that the foregoing is true

By: Ralph Wadsworth
HUNTER DONALDSON, LLC, as agent for Claimant

STATE OF WASHINGTON        )
                           )ss.
COUNTY OF PIERCE           )

Subscribed and sworn to (or affirmed) before me on this **20** day of **March, 2012**, by **Ralph Wadsworth**, proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

NOTARY PUBLIC in and for the State of Washington.
My commission expires January 22, 2014

# EXHIBIT 10

NOTICE OF REMOVAL -- 00099

```
201111280125  MMCKENZ              1 PG
11/28/2011  10:02:39 AM     $62.00
AUDITOR, Pierce County, WASHINGTON
```

RETURN ADDRESS:
HUNTER DONALDSON, LLC
100 EAST LA HABRA BOULEVARD
LA HABRA, CA 90631

STATE OF WASHINGTON     )
                        )ss.
COUNTY OF PIERCE        )

### NOTICE OF CLAIM—MEDICAL SERVICES LIEN

Claimant:   **MultiCare Health System**      Patient:          **Melanie Smallwood**

Tortfeasor:   **Unknown**      Tortfeasor's Insurer:   **Unknown**

NOTICE IS HEREBY GIVEN of the following:

Claimant provided medical care, items and/or services to Patient, which were necessary because of injuries allegedly caused by the Tortfeasor. Claimant claims a lien for reasonable value of the medical care, items and/or services provided to Patient. Name and address of the claimant: ("Claimant"), a health care organization:

   **PO Box 5299; M/S: 737-3-REV, Tacoma, WA 98415**

Name and address of the person receiving care ("Patient"):

   **Melanie Smallwood, 16922 18th Ave E, Spanaway, WA 98387**

Name and address of person or entity that allegedly caused the injury ("Tortfeasor") to Patient: Unknown

Date injury to Patient occurred: **11/3/2011**

Location where injury to Patient occurred: **Unknown**

Nature of injury to Patient: **Injuries from an accident.**

Name and address of insurer for Tortfeasor: **Unknown,**

I declare under penalty of perjury that the foregoing is true

By: Ralph Wadsworth
HUNTER DONALDSON, LLC, as agent for Claimant

STATE OF WASHINGTON     )
                        )ss.
COUNTY OF PIERCE        )

Subscribed and sworn to (or affirmed) before me on this **22** day of **November, 2011**, by **Ralph Wadsworth**, proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

NOTARY PUBLIC in and for the State of Washington.
My commission expires January 22, 2014