1

2

3                        UNITED STATES DISTRICT COURT
                       WESTERN DISTRICT OF WASHINGTON
                                 AT TACOMA
4

5    VELMA WALKER, et al.,

6                    Plaintiffs,              CASE NO. C13-5412 BHS

7         v.                                  ORDER GRANTING
                                              PLAINTIFFS' MOTION TO
8    HUNTER DONALDSON LLC, et al.,            REMAND

                     Defendants.
9

10         This matter comes before the Court on Plaintiffs' motion to remand (Dkt. 18). The

11   Court has considered the pleadings filed in support of and in opposition to the motion and

12   the remainder of the file and hereby grants the motion for the reasons stated herein.

13               **I. PROCEDURAL & FACTUAL BACKGROUND**

14         Plaintiffs filed a class action complaint in Pierce County Superior Court against

15   Hunter Donaldson, LLC ("Hunter Donaldson"), a California limited liability company;

16   MultiCare Health Systems ("MultiCare"), a Washington nonprofit corporation; Mt.

17   Rainer Emergency Physicians ("Mt. Rainer"), a Washington for-profit corporation;

18   Rebecca A. Rohlke ("Rohlke"), individually, on behalf of the marital community, and as

19   agent of Hunter Donaldson; John Doe Rohlke, on behalf of the marital community; Ralph

20   Wadsworth ("Wadsworth"), individually, on behalf of the marital community, and as

21   agent of Hunter Donaldson; and Jane Doe Wadsworth, on behalf of the marital

22   community.  Dkt. 1-3 (Plaintiffs Amended Complaint).

1    Plaintiffs Velma Walker, James Stutz, Karl Walthall, Gina Cichon and Melanie

2   Smallwood received healthcare services from Defendants MultiCare and/or Mt. Rainier

3   as a result of traumatic injuries caused by third-party tortfeasors. Dkt. 1-3 at 16-17 and

4   20.  "In each case, Multicare . . . authorized Hunter Donaldson to act as its agent for the

5   purpose of filing a notice of medical lien pursuant to RCW 60.44.010." *Id*.  Plaintiffs'

6   complaint further alleges:

7       Multicare's Vice President in charge of Revenue Cycle at the time, Jason
        Adams, acted in concert with others at Multicare and with Defendants
8       [Rebecca] Rohlke [a Hunter Donaldson employee] and Hunter Donaldson,
        to provide false residency information for and falsely endorse Rohlke as a
9       Washington State resident on her application for a Washington State Notary
        license when she was in fact a California resident, at all material times
10      living in La Habra, California, and Fullerton, California.

11  Dkt. 1-3 at 21.

12    Plaintiffs alleges that MultiCare's retention of Hunter Donaldson, its participation

13  in implementing a practice of falsely notarizing liens, and the subsequent invalid and

14  illegal medical liens filed in Washington on MultiCare's behalf form an integral part of

15  Plaintiffs' claims for violations of Washington's Consumer Protection Act (Dkt. 1-3 at

16  37), negligence (*id*. at 40-41), fraud (*id*. at 43-44), conversion (*id*. at 45), conspiracy (*id*.

17  at 45-46) , and unjust enrichment (*id*. at 47).

18     On May 30, 2013, Defendants filed a notice of removal to federal court on the

19  basis of federal question jurisdiction. Dkt. 1. Defendants maintain that this Court has

20  jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"),

21  which provides in relevant part as follows:

22

1          The district courts shall have original jurisdiction of any civil action
in which the matter in controversy exceeds the sum or value of $5,000,000,
2    exclusive of interest and costs, and is a class action in which-(A) any
member  of a class of plaintiffs is a citizen of a State different from any
3    defendant.

4    *Id*. at 2 (*citing* 28 U.S.C. § 1332(d)(2)(A)).

5        On June 11, 2013, Plaintiffs filed a motion to remand based on the "local

6    controversy" exception to CAFA.  Dkt. 18.  On July 1, 2013, Hunter Donaldson filed a

7    response opposing Plaintiffs' motion to remand.  Dkt. 26.  In that response, Hunter

8    Donaldson conceded that Plaintiffs met all the requirements for the local controversy

9    exception to the CAFA's removal of class actions, except one: that MultiCare's alleged

10   conduct did not form a "significant basis" to justify removal.  *Id*. at 7 (*citing* 28 U.S.C. §

11   1332(d)(4)(A)(i)(II)(bb)). On the same date, MultiCare filed a brief joining in Hunter

12   Donaldson's response. Dkt. 27.  On July 5, 2013, Plaintiffs filed a reply.  Dkt. 28.

13   **II. DISCUSSION**

14       It is undisputed that all but one requirement for the CAFA's local controversy

15   exception to the removal of class action lawsuits have been satisfied. Therefore, the only

16   issue before the Court is whether Plaintiffs have met their burden of showing the local

17   controversy exception applies because MultiCare's alleged "conduct forms a significant

18   basis for the claims asserted by the proposed plaintiff class." 28 U.S.C. §

19   1332(d)(4)(A)(i)(II)(bb).

20   **A.**  **Legal Standards**

21       CAFA's "local controversy" exception to removal of class action lawsuits

22   provides:

1

2          (4) A district court shall decline to exercise jurisdiction under paragraph (2)-(A)

3          (i) over a class action in which--

    (I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was

4      originally filed;

    **(II) at least 1 defendant is a defendant--**

5          (aa) from whom significant relief is sought by members of the plaintiff class;

6          **(bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class**; and

7          (cc) who is a citizen of the State in which the action was originally filed; and

8          (III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the

9      action was originally filed; and

    (ii) during the 3-year period preceding the filing of that class action,

10     no other class action has been filed asserting the same or similar factual.

11     28 U.S.C. § 1332(d)(4)(A) (emphasis added); *Coleman v. Estes Exp. Lines, Inc.*,

12     631 F.3d 1010, 1013 (9th Cir. 2011).

13         A plaintiff seeking remand bears the burden of showing that the local

14     controversy exception applies. *Coleman*, 631 F.3d at 1013. In deciding whether a

15     defendant's conduct forms a "significant basis" for the claims asserted by the

16     proposed class, "CAFA's language unambiguously directs the district court to

17     look only to the complaint." *Coleman*, 631 F.3d at 1015.

18         Although the Ninth Circuit has not established a specific list of factors for

19     lower courts to consider in determining whether a significant basis exists, the

20     *Coleman* decision's analysis and application of CAFA are sufficient for this Court

21     to resolve the motion before it. *Coleman*, 631 F.3d at 1017-1020.  Contrary to the

22     Defendants suggestion (*see, e.g.*, Dkt. 26 at 7-8) , the Court finds no need to adopt

ORDER - 4

or apply a factors analysis employed by the Third, Fifth or Tenth Circuits, which

*Coleman* itself did not do.  However, cases from other circuits may be indeed be

instructive in determining what forms a "significant basis" under CAFA.

**B.      Application of Standard**

Defendants argue that MutiCare's alleged conduct does not form a

significant basis for the claims asserted by the proposed plaintiff class under CAFA. Dkt.

26 at 7.  In summary, Defendants maintain that:

> Plaintiffs point to two allegations in support of their "local controversy" argument: (1) MultiCare "authorized" Hunter Donaldson to do what it is alleged to have done; and (2) a MultiCare employee provided "false residency information" and "falsely endorse[d]" Ms. Rohlke on her application to become a Washington State Notary. Mot. at 5-6. Neither establish that MultiCare's conduct forms a "significant basis" for Plaintiffs' asserted claims.

*Id*. at 8.[1]  Defendants indicate Plaintiffs' claims focus on the actions of non-local

Defendants Hunter Donaldson, Rohlke and Wadsworth, who allegedly erred in preparing,

recording and assisting with the recovery on Plaintiffs' liens.  *Id*. at 9.  Even though

Plaintiffs claim MultiCare "authorized" the conduct, Defendants essentially argue that the

allegations do not indicate that MultiCare or Mt. Rainer dictated procedure by which

Hunter Donaldson operated with respect to the liens, they "ratified" Hunter Donaldson's

lien practices, had any supervisory direction over the lien process, or even knew how the

process worked.  *Id*.

_____

[1] Defendants properly note that Plaintiffs focus on MultiCare rather than Mt. Rainer; thus, Defendants do the same in their brief and indicate their arguments regarding MultiCare "equally apply to Mt. Rainer."  Dkt. 26 at 8 n. 5.

1    However, under *Coleman*, for MultiCare's conduct to form a significant basis, it is

2    not necessary that Hunter Donaldson's lien policies and the like be established by

3    MultiCare; nor is the local defendant required to have supervised the lien process. *See*

4    *Coleman,* 631 F.3d at 1018-1019 (quoting the CAFA Senate Committee example that

5    demonstrated one type case in which the core of the case was a local controversy when

6    out-of-state entity parent company was involved in supervising the conduct of its local

7    entities, the case involved 90% Florida plaintiffs, and the Florida state court where the

8    action was brought has a strong interest in resolving the dispute). *Id*.

9    Furthermore, as Plaintiffs argue, although Hunter Donaldson claims that most of

10   its claims focus on its conduct (*see, e.g.,* Dkt. 26 at 10-11), the task of analyzing whether

11   the significant basis exception applies is not necessarily a "quantitative" one.  Dkt. 28 at

12   4-5 (*citing Kaufman v. Allstate New Jersey Ins. Co.*, 561 F.3d 144, 155-157).  As

13   *Kaufman* put it, "[t]he word 'significant' is defined as 'important, notable.'"  561 F.3d at

14   157.  Even if Plaintiffs had asserted most of these claims against all non-local

15   Defendants, that would not necessarily make the allegations against MultiCare

16   insignificant, or unimportant.  *See Coleman*, 631 F.3d at 1020.  Based on the complaint,

17   however, MultiCare is alleged not only to have retained Hunter Donaldson but also to

18   have facilitated Rolhke's fraudulent Washington State notary commission.  *See* Dkt. 1-3

19   at 38-40.  As Plaintiffs state, this conduct "underlies all of Plaintiffs' claims against the

20   other Defendants save two: the unlawful operation of a collection agency and related

21   CPA claims against Hunter Donaldson."  Dkt. 28 at 7 (*citing* Dkt. 1-3 at 38-40).

22   Additionally, all Plaintiffs' allegations, excepting the two cited above, rely, at least in

1   part, on MultiCare's alleged implementation of the false notarization schedule and/ or

2   retention of Hunter Donaldson to file invalid or unlawful liens.  Further, the fact that the

3   other the non-local defendants were allegedly acting as agents on behalf of local

4   defendants, MutliCare and Mt. Rainer, further supportst, on the basis of the complaint,

5   that MultiCare's conduct formed a significant basis for Plaintiffs' claims.   Finally,

6   Plaintiffs' claims involve questions of state law under chapter 60.44 RCW, the

7   Washington medical lien statute; chapter 19.86 RCW, the Washington Consumer

8   Protection Act; and Washington common law.

9        Given the foregoing, the "controversy is at its core a local one," and the

10   Washington state superior court, where this case was originally brought, "has a strong

11   interest in resolving the dispute." *Coleman*, 631 F.3d at 1020 (*quoting* S. Rep. No. 109-

12   14, at 41 (2005)). Accordingly, both MultiCare's alleged conduct and the legal issues

13   involved in this case compel the Court to remand this case to Pierce County Superior

14   Court where it was originally filed.

**III. ORDER**

16        Therefore, it is hereby **ORDERED** that Plaintiffs motion for remand is

17   **GRANTED**.

18        Dated this 16th day of September, 2013.

_____
BENJAMIN H. SETTLE
United States District Judge

ORDER - 7